NUMBER
13-01-553-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

RAUL AMAYA RIOS,                                                             Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 275th District Court

                                  of
Hidalgo County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellant, Raul Amaya Rios, brings this
appeal following a conviction for murder. 
By twelve issues, Rios generally contends the evidence was legally and
factually insufficient, the trial court committed reversible error and he was
denied effective assistance of counsel. 
We affirm.

 








I.  Background

 On
October 12, 2000, after leaving his wife and children at his in-laws, Homero
Sanchez went to the residence he shared with Efrain Gutierrez and Pedro
Soto.  Sanchez arrived drunk and carrying
a rifle.  When he noticed that Gutierrez
was not there, Sanchez told Soto he wanted to kill Gutierrez.[1]  Sanchez then left.  Gutierrez and Rios then arrived at the
house.  Soto told Gutierrez that Sanchez
was looking for him.  Upon hearing this,
Gutierrez stated he was going to beat Sanchez up.  Gutierrez and Soto left to look for
Sanchez.  They took a rifle with them.

Later that evening, Gutierrez and Soto
arrived at Sanchez=s in-law=s house
looking for Sanchez.  They left after
Sanchez=s wife told
them that Sanchez was not there.  Soon
thereafter, Sanchez arrived at his in-laws house and decided that, because he
was drunk, he would not go in the house. 
His wife met him outside and they spoke for a little while.  Sanchez=s wife then went back into her parent=s house
and Sanchez went into his father-in-law=s vehicle and laid in the back seat.  He had the rifle with him.  Soon after Sanchez=s wife
went inside the house, she heard two gun shots. 
Upon hearing the shots, she ran outside and, as it sped away, saw the
tail-end of the vehicle Gutierrez and Soto had been in earlier that evening.  Sanchez had been shot in the head while
sleeping in the vehicle.  Rios was
eventually arrested for the murder of Sanchez.[2]









Rios was charged by indictment with one
count of murder, to which he pleaded not guilty.  Following a trial to the jury, Rios was
convicted and sentenced to forty years imprisonment in the Institutional
Division of the Texas Department of Criminal Justice.  This appeal ensued.

II. 
Sufficiency of Evidence

By his first and second issues, Rios
contends the evidence was both factually and legally insufficient to prove his
identity as charged in the indictment.[3]  We find it unnecessary to reach Rios=s
contention because error, if any, was waived.

An indictment must state the name of the
accused or state that his name is unknown and give a description of him.  Tex.
Code Crim. Proc. Ann. art. 21.02(4) (Vernon 1989).  A defendant who fails to suggest his true
name at the time of his arraignment waives his right to have his name corrected
in the indictment. Id. art.
26.07 (Vernon 1989); Bowden v. State, 628 S.W.2d 782, 787 (Tex. Crim.
App. 1982).








In this instance, Rios was read the indictment
and made no objection that ARaul Amaya Rios@ was not
his true and correct name.  Rios has thus
waived these contentions for our review. 
See Tex. Code Crim. Proc.
Ann. art. 26.07; see also Tex.
R. App. P. 33.1.  Rios=s first
and second issues are overruled.

III. 
Charge Error

By his third and ninth issue, Rios
complains of charge error.

A. 
Standard

When an appellant alleges jury charge
error on appeal, we first must determine whether there is any error in the
charge.  Hutch v. State, 922
S.W.2d 166, 170 (Tex. Crim. App. 1996). 
If we conclude there is jury charge error, we must determine if the
error caused sufficient harm to warrant reversal.  See Ovalle v. State, 13 S.W.3d
774, 786 (Tex. Crim. App. 2000).  The
extent of harm requiring reversal is dictated by whether the error was
preserved.  See id.; Escobar v.
State, 28 S.W.3d 767, 777 (Tex. App.BCorpus Christi 2000, pet. ref=d).  If the error in the charge was the subject of
a timely objection, then reversal is required if the error is calculated to
injure the rights of the defendant.  Ovalle,
13 S.W.3d at 786; Almanza v. State, 686 S.W.2d 157,  171 (Tex. Crim. App. 1985); Escobar,
28 S.W.3d at 777.  Where the defendant
failed to object to the error at trial, as in this case, we may reverse only if
the record shows that the error was so egregiously harmful that the defendant
was denied a fair and impartial trial.  See
Ovalle, 13 S.W.3d at 786; Almanza, 686 S.W.2d at 171; Escobar,
28 S.W.3d at 777.

B. 
Reasonable Doubt Definition








By his third issue, Rios contends the
trial court erred in submitting the Geesa instruction defining
reasonable doubt in the jury charge.  See
Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991).  In Geesa, the court of criminal
appeals held that the following definition of reasonable doubt shall be
submitted to the jury in all criminal cases:

A Areasonable
doubt@ is a
doubt based on reason and common sense after a careful and impartial
consideration of all the evidence in the case. 
It is the kind of doubt that would make a reasonable person hesitate to
act in the most important of his own affairs.

 

Proof
beyond a reasonable doubt, therefore, must be proof of such a convincing
character that you would be willing to rely and act upon it without hesitation
in the most important of your own affairs.

 

Id.   However, in Paulson v. State, 28 S.W.3d
570 (Tex. Crim. App. 2000), the court of criminal appeals overruled Geesa
to the extent that it required trial courts to instruct juries on the
definition of reasonable doubt.  Id.
at 573.  The court held that the better
practice is to not give a definition of reasonable doubt at all to the
jury.  Id.  Alternatively, the court went on to hold
that if both the State and the defendant Awere to agree to give the Geesa
instruction to the jury, it would not constitute reversible error for the trial
court to acquiesce to their agreement.@  Id.;
cf. Colbert v. State, 56 S.W.3d 857, 860 (Tex. App.BCorpus
Christi 2001, pet. granted) (A[I]f the State and defendant do not agree
to the Geesa instruction, it constitutes reversible error for the
trial court to submit the definitional instruction.@).








In this instance, the trial court allowed
both the State and Rios to look over the proposed jury charge and to make any
additions or objections.  The Geesa
definition of reasonable doubt was included in the charge.  The State did not have any objections to the
charge.  Rios made particular objections
to the jury charge, but did not object to the reasonable doubt definition.  Moreover, during his closing argument, Rios
read the definition to the jury.  He then
repeated part of the definition several times, stating Ayou must
be willing to rely and act upon it without hesitation in the most important of
your own affairs,@ and told the jury to Akeep
that phrase in mind because it=s important.@  Based on his actions, Rios cannot now claim
that he disagreed with the inclusion of the definition merely because he did
not affirmatively agree with its inclusion. 
We conclude that the silence with respect to this portion of the charge
and Rios=s later
application of the definition infer both parties=
agreement to the inclusion of the reasonable doubt definition.  Because both parties agreed to the inclusion
of the definition, the trial court did not err in allowing the definition to
remain in the charge.  See Paulson,
28 S.W.3d at 573; see also Hutch, 922 S.W.2d at 170.  Rios=s third issue is overruled.

C. 
Reasonable Doubt Instruction for Extraneous Offenses

By his ninth issue, Rios contends the
trial court erred in not including a reasonable doubt instruction concerning
extraneous offenses in the punishment charge.

Although it is not clear from his brief,
we assume Rios is referring to evidence of extraneous offenses as testified to
by Rios=s
juvenile probation officer.  This
evidence included: (1) misdemeanor theft and criminal trespass, for which he
received one year probation; (2) burglary of a vehicle and two burglaries of a
habitation, for which he received a one year suspended sentence of
imprisonment; and (3) indecency with a child, for which Rios received one year
probation.








The State concedes, and we agree, that the
trial court erred by failing to charge the jury as to the reasonable doubt
standard for these extraneous offenses.  See
Tex. Code Crim. Proc. Ann.
art. 37.07, ' 3(a)(1)
(Vernon Supp. 2002); Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim.
App. 2000).  However, because this error
derives from a statutory violation and is a charge error, we apply the Almanza
harm analysis.  Huizar, 12 S.W.3d
at 484; see Almanza, 686 S.W.2d at 171-72.

In this instance, Rios did not object to
the omission of the reasonable doubt 
instruction in the punishment charge. 
Thus, Rios must show he was egregiously harmed by its omission; i.e.,
that it caused him to not receive a fair and impartial trial. See Ovalle,
13 S.W.3d at 786; Almanza, 686 S.W.2d at 171; Escobar, 28 S.W.3d
at 777.  Looking at the record as a
whole, there is ample evidence that Rios willingly participated in Sanchez=s
murder.  It also reveals that Rios had
twice been convicted of burglary as an adult, and the jury was properly given a
reasonable doubt instruction as to these offenses.  Moreover, Rios could have received fifteen
years to life, plus a fine of up to $10,000, if the jury found the enhancement
allegations true.  See Tex. Pen. Code Ann. 12.42(c)(1) (Vernon
Supp. 2002).  The State pleaded with the
jury to give Rios a life sentence. However, the jury sentenced Rios to forty
years imprisonment.  Considering the
record as a whole, we conclude Rios did not suffer egregious harm as a result
of the trial court=s failure to include a reasonable doubt instruction
as to Rios=s
extraneous juvenile offenses.  Rios=s ninth
issue is overruled.

IV. 
Evidence of an Extraneous Bad Act








By his fourth issue and first supplemental
issue, Rios contends the trial court committed reversible error in admitting
evidence of an extraneous bad act. 
Specifically, Rios argues the trial court erred by admitting a copy of
his statement to the police without redacting Rios=s
representation that he had just been released from  imprisonment on a burglary conviction.  We find it unnecessary to reach Rios=s
contention because error, if any, was waived.

It is fundamental that to preserve error
for our review, a timely and specific objection must be made and followed by an
adverse ruling.  See Tex. R. App. P. 33.1.  More specifically to this case,
when evidence of an extraneous act or offense is offered, the opponent must
timely and properly object in order to preserve error.  Guerra v. State, 942 S.W.2d 28, 33
(Tex. App.BCorpus
Christi 1996, pet. ref=d); McLellan v. Benson, 877 S.W.2d
454, 457 (Tex. App.BHouston [1st Dist.] 1994, no pet.).  In this instance, the record does not reflect
any objections made by Rios when the State offered Rios=s
statement.  Because Rios did not timely
object when the evidence was offered, error, if any, has been waived.  Rios=s fourth and first supplemental issues are
overruled.

V.  Motion for Continuance

By his fifth issue, Rios contends the
trial court erred in not granting his motion for continuance.  Specifically, Rios contends the trial court
erred in denying his motion because Rios was trying to locate a material
witness.  We find it unnecessary to reach
Rios=s
contention because error, if any, was waived.








To preserve error and challenge a trial
court=s
refusal of a motion for continuance made because of an absent witness, an appellant
must file a sworn motion for new trial stating the testimony he expected to
present by the witness,  Ashcraft v.
State, 900 S.W.2d 817, 834 (Tex. App.BCorpus Christi 1995, pet. ref=d), and
must show how the witness=s testimony would have been material.  Gentry v. State, 770 S.W.2d 780, 787
(Tex. Crim. App. 1988).  A mere
recitation that the appellant expects to prove certain things by the witness is
not sufficient.  Id. at 788
(citing Parsons v. State, 160 Tex. Crim. 387, 271 S.W.2d 643
(1954)).  Additionally, a showing under
oath by means of an affidavit of the missing witness or other source as to what
the witness would testify must accompany the motion for new trial.  Ashcraft, 900 S.W.2d at 834.

In his motion for continuance, Rios stated
that he expected to prove by the witness that the defendant Awas with
her on the date and time of the commission of the murder.@  However, this statement was not sworn to and
is not sufficient to show materiality.  See
Gentry, 770 S.W.2d at 788.  In his
verified amended motion for new trial, Rios stated, A[t]he
defendant was denied a continuance which would have enabled him to present the
testimony of an alibi witness in violation of his right to Due Process. . . .@  However, Rios did not file a sworn affidavit
with his motion for new trial giving detail as to what the witness would
testify to.  Ashcraft, 900 S.W.2d
at 834.  Thus, Rios did not preserve
error.  Id.  Rios=s fifth issue is overruled.

VI. 
Hearing on a Motion for New Trial

By his sixth issue, Rios contends the
trial court erred by failing to grant a hearing on Rios=s motion
for new trial.








AWhen an accused presents a motion for new
trial raising matters not determinable from the record, which could entitle him
to relief, the trial judge abuses his discretion in failing to hold a hearing.@  Martinez v. State, 74 S.W.3d 19, 21
(Tex. Crim. App. 2002) (citing King v. State, 29 S.W.3d 556, 569 (Tex.
Crim. App. 2000)).  The purpose of the
hearing is to fully develop the issues raised in the motion.  Id. 
As a prerequisite to obtaining a hearing, the motion must be supported
by an affidavit specifically showing the truth of the grounds for attack. Id.;
King, 29 S.W.3d at 569.  The
affidavit does not need to reflect each and every component legally required to
establish relief, but rather must reflect that reasonable grounds exist for
holding that such relief could be granted. 
Martinez, 74 S.W.3d at 22; Reyes v. State, 849 S.W.2d 812,
816 (Tex. Crim. App. 1993).








Rios=s verified amended motion for new trial only
stated that the continuance Awould have enabled him to present the
testimony of an alibi witness. . . .@ 
This is insufficient to trigger a mandatory hearing.  See King, 29 S.W.3d at 569 (no hearing
required where defendant did not allege identity of witness, or demonstrate how
alibi defense could have been persuasive); Jordan v. State, 883 S.W.2d
664, 665 (Tex. Crim. App. 1994) (supporting affidavit insufficient to require
hearing where it did not specify supporting facts of what witness would testify
to); see also Alcott v. State, 26 S.W.3d 1, 4-5 (Tex. App.BWaco
1999), aff=d, 51 S.W.3d 596 (Tex. Crim. App. 2001)
(verification of counsel that he prepared motion for new trial, that he had
personal knowledge of facts presented and that they were true and correct, was
insufficient to show truth of grounds asserted).  Rios did not put the trial court on notice
that reasonable grounds for relief existed to require the hearing.[4]  See Martinez, 74 S.W.3d at 21;
Jordan, 883 S.W.2d at 665.  Rios=s sixth
issue is overruled.

VII. 
Jury Argument

By his seventh issue, Rios contends the
trial court erred by not granting a mistrial due to improper jury arguments by
the State.

Proper jury argument must fall within one
of the following categories: (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) answers to arguments by opposing counsel; and
(4) pleas for law enforcement.  Ponce
v. State, No. 13-01-264-CR, 2002 Tex. App. LEXIS 6450, *24-*25 (Corpus
Christi Aug. 30, 2002, no pet.) (citing Guidry v. State, 9 S.W.3d 133,
154 (Tex. Crim. App. 1999)).  To
determine whether a party=s argument properly falls within one of
these categories, we must consider the argument in light of the record as a
whole.  Id. at *25 (citing Wilson
v. State, 938 S.W.2d 57, 61 (Tex. Crim. App. 1996)).








Even when arguments exceed the boundaries
of these permissible areas, jury argument will not constitute reversible error,
unless the arguments are manifestly improper, violate a mandatory statute, or
inject new, harmful facts into the case. 
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App.
2000).  Additionally, the remarks must
have been a willful and calculated effort on the part of the State to deprive
appellant of a fair and impartial trial. 
Id.  In most instances, an
instruction to disregard the remarks will cure the error.  Id. 
Only offensive or flagrant error warrants reversal when there has been
an instruction to disregard.  Id.
at 116.

In this instance, the State argued, AWe
submit to you that what happened was  the
drug deal had gone bad. . . . Gutierrez knew that they were about to get
busted.  He knew that he was about to get
busted and get sent back to prison.@ 
The trial court sustained Rios=s objection that this argument was outside
the record, and instructed the jury to disregard the comment.[5]

Looking at the record, it is clear that
this argument was a reasonable deduction of the evidence.  See Ponce, 2002 Tex. App. LEXIS 6450,
at *24-*25.  By his own statement to the
police, there was evidence that: (1) Rios had been to prison before; (2) Sanchez
was trying to sell some of Rios=s drugs; and (3) Rios and Gutierrez were
aware that Sanchez may be dealing with undercover police agents.  Based on this evidence, it was a reasonable
deduction for the State to argue that Rios participated in Sanchez=s murder
in an effort to avoid being arrested for selling drugs.  See Gaddis v. State, 753 S.W.2d 396, 398
(Tex. Crim. App. 1988) (ACounsel is allowed wide latitude without
limitation in drawing inferences from the evidence as long as they are
reasonable, fair, and offered in good faith.@).  Rios=s seventh issue is overruled.

 








VIII. 
Motion for New Trial

By his eighth issue, Rios contends the
trial court erred in denying his motion for new trial.

A. 
Standard

A trial court=s ruling
denying a defendant=s motion for new trial is reviewed under
an abuse of discretion standard.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).  A trial court abuses its discretion when it
acts without reference to any guiding rules or principles, or, in other words,
when the court acts arbitrarily or unreasonably.  Lyles v. State, 850 S.W.2d 497, 502
(Tex. Crim. App. 1993).

B. 
Analysis

Rios argues his constitutional rights were
violated after the trial court included an instruction for good time credit in
the jury charge during the punishment phase. 
Specifically, Rios argues that because he is ineligible for good conduct
time, the instruction was misleading to the jury and, thus, the trial court
erred by not granting his motion for a new trial.








The court of criminal appeals has recently
considered and rejected this argument.  See
generally Luquis v. State, 72 S.W.3d 355 (Tex. Crim. App. 2002).  In Luquis, the court held that it is
not error for the trial court to give an instruction that, although statutorily
required,  does not specifically apply to
the case at hand.  Id. at
363.  The court went on to hold that an
appellant has the burden to show there is a reasonable likelihood the
instruction caused the jury to unconstitutionally misapply the concept of Agood
conduct time@ in
assessing the appellant a higher sentence. 
Id. at 368.

In this case, the trial court was
statutorily required to read the good conduct time instruction even though it
did not apply to Rios.  See Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a)
(Vernon Supp. 2002).  Thus, there was no
error for the trial court to give the parole law instruction. See Luquis,
72 S.W.3d at 363.  Moreover, Rios failed
to show any violation of his due process rights.  See id. at 368.  He merely argues the instruction was
misleading and untrue as it applies to him. 
Rios did not make the required showing as to the likelihood the jury
unconstitutionally misapplied the instruction in giving him a higher sentence.  See id.  Thus, we cannot conclude the instruction is
unconstitutional as applied to him.  Rios=s eighth
issue is overruled.

IX. 
Motion to Suppress

By his tenth issue, Rios contends the
trial court erred in denying his motion to suppress.

A. 
Standard








The typical motion to suppress case will
be reviewed with a bifurcated standard of review giving almost total deference
to a trial court=s express or implied determinations of
fact, and review de novo the court=s application of the law of search and
seizure to those facts.  Maxwell v.
State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); State v. Ross, 32
S.W.3d 853, 856 (Tex. Crim. App. 2000). 
Mixed questions of law and fact that turn on the credibility and
demeanor of a witness are reviewed under a total deference standard.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  Mixed questions
of law and fact which do not turn on the credibility and demeanor of a witness
are reviewed de novo.  Id. 
When, as here, the trial court does not make findings of fact, we view the
evidence in the light most favorable to the trial court=s ruling
and assume the trial court made implicit findings of fact that support its
ruling so long as those findings are supported by the record.  See Maxwell, 73 S.W.3d at 281; Ross,
32 S.W.3d at 855.  If the decision is
correct under any theory of law applicable to the case, the ruling will be
sustained.  Roquemore v. State, 60
S.W.3d 862, 866 (Tex. Crim. App. 2001).

B.  Analysis








The State contends Rios waived his illegal
arrest argument because he did not make an oral argument concerning the arrest
at the suppression hearing.  However, in Eisenhauer
v. State, 754 S.W.2d 159 (Tex. Crim. App. 1988), overruled on other
grounds, Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991),
the court of criminal appeals held that Aa motion to suppress will be sufficient to
preserve and allege error where the oral argument covers some, but not all, of
the grounds raised in the motion.@ 
Id. at 161; see Vicknair v. State, 670 S.W.2d 286, 288
(Tex. App.BHouston
[1st Dist] 1983), rev=d on other grounds, 751
S.W.2d 180 (Tex. Crim. App. 1986).  At
the suppression hearing, Rios argued that evidence was illegally seized from
his vehicle without a warrant.  Thus,
argument was made regarding Asome@ grounds raised in the motion.  See Eisenhauer, 754 S.W.2d at 161.  Moreover, because it is the State=s burden
to prove the validity of a warrantless arrest or search, we find it unnecessary
for Rios to argue all grounds raised in the written motion because the issue is
before the trial court.  See Vicknair,
670 S.W.2d at 681.  Thus, we will address
Rios=s
illegal arrest argument.

1. 
Illegal Arrest

Generally, an arrest without a valid
arrest warrant is unreasonable.  See
Wilson v. State, 621 S.W.2d 799, 803-04 (Tex. Crim. App. 1981).  An exception to this rule allows a police
officer to arrest a suspect without a warrant when the State shows: (1) the
officer had constitutional probable cause; and (2) the arrest falls within one
of the statutory exceptions to the warrant requirement specified in articles
14.01 through 14.04 of the Texas Code of Criminal Procedure.  Stull v. State, 772 S.W.2d 449, 451
(Tex. Crim. App. 1989).

Probable cause for a warrantless arrest
exists when a police officer has reasonably trustworthy information, considered
as a whole, that is sufficient to cause a reasonable person to believe that a
particular person has committed or is committing an offense.  Hughes v. State, 24 S.W.3d 833, 838
(Tex. Crim. App. 2000).  The
determination of probable cause at the time of the questioned action is viewed
from the Atotality
of the circumstances.@  State
v. Lopez, 763 S.W.2d 939, 943 (Tex. App.BHouston
[1st. Dist.] 1989, pet. ref=d). 
Article 14.01(b) of the Texas Code of Criminal Procedure provides a
police officer may arrest an individual without a warrant for any offense
committed in his presence or view.  Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 1977).  Driving without
a valid inspection sticker is an offense. 
Tex. Transp. Code Ann. '
548.602(a)(1) (Vernon Supp. 2002).








In this instance, Officer Victor Valdez
testified that he personally observed Rios operating a vehicle with an expired
inspection sticker.  Id.  He further testified that he stopped Rios=s
vehicle, in part, because of the invalid inspection sticker.  See id. '
548.602(b) (Vernon Supp. 2002).  Based on
this evidence, we find Officer Valdez had both probable cause to believe Rios was
committing an offense, and statutory authority to arrest Rios without a
warrant.  See Stull, 772
S.W.2d at 451; see also Atwater v. City of Lago Vista, 532 U.S. 318, 354
(2001) (AIf an
officer has probable cause to believe that an individual has committed even a
very minor criminal offense in his presence, he may, . . . arrest the offender.@).  The trial court did not err in denying
Rios=s motion
to suppress on this basis.

2. 
Search and Seizure








Rios argues that the search and seizure of
the vehicle was unlawful because the officers did not have a warrant and did
not have consent to search.  An inventory
search is permissible under the federal and state constitutions if conducted
pursuant to a lawful impoundment.  Mayberry
v. State, 830 S.W.2d 176, 179 (Tex. App.BDallas
1992, pet. ref=d) (citing South Dakota v. Opperman,
428 U.S. 364, 375-76 (1976); Benavides v. State, 600 S.W.2d 809, 810
(Tex. Crim. App. [Panel Op.] 1980)).  For
an impoundment to be lawful, the seizure of the automobile must be reasonable
under the Fourth Amendment.  Benavides,
600 S.W.2d at 811.  Courts have
considered several factors in determining the reasonableness of the
impoundment: (1) the availability of someone at the scene of the arrest to whom
the officers could have given possession of the vehicle; (2) whether the
vehicle was impeding the flow of traffic or was a danger to public safety; (3)
whether the vehicle was locked; (4) whether the detention of the arrestee would
likely be of such duration to require the police to take protective measures;
(5) whether there was a reasonable connection between the arrest and the
vehicle; and (6) whether the vehicle was used in the commission of a
crime.  Mayberry, 830 S.W.2d at
180.  It is the State=s burden
to prove lawful impoundment.  Id.
(citing Delgado v. State, 718 S.W.2d 718, 721 (Tex. Crim. App.
1986)). 

In this instance, evidence showed that the
officers knew that: (1) the vehicle Rios was driving matched the description of
the suspect vehicle involved in Sanchez=s murder; (2) Rios matched the description
of one of the suspects involved in Sanchez=s murder; and (3) the vehicle had been
seen leaving the residence of Rios=s accomplice, Gutierrez.  See id. (whether vehicle was used in
commission of crime).  Moreover, there
was no one at the scene to take possession of the vehicle because at the time
Rios was arrested, the passenger in the vehicle was transported to the Sheriff=s office
to give a statement.  See id. (availability
of someone at scene of arrest to whom officers could have given possession of
vehicle).  In addition, there was
evidence that Rios was committing an offense in the vehicle by driving it
without a valid inspection sticker.  See
id. ( whether vehicle was used in commission of crime). Based on all of
this evidence, we conclude the State satisfied their burden to show the
impoundment of the vehicle was reasonable.








Rios next argues that the inventory search
was only a ruse to discover incriminating evidence, and that there was
insufficient evidence that the officers conducted an inventory search pursuant
to established police department policy. 
Officer Carlos Cruz testified that he had the vehicle impounded because A[i]t=s
procedure to . . . when the driver of the vehicle is being detained or
arrested, we impound the vehicle for safekeeping. . . .@  As part of this process, Officer Cruz
testified that an inventory search is conducted to protect the Aofficer,
. . . the wrecker driver and the Sheriff=s Office.@  Officer Cruz went on to state that Awe
inventory anything that has value or any legal documents and stuff like that.@  In the inventory report, Officer Cruz listed:
(1) mens= and
womens=
clothing; (2) a twelve pack of cola; and (3) legal paperwork.  Officer Cruz explained that Alegal
paperwork@
constituted items such as: (1) a birth certificate; (2) receipts; (3) money
transfer receipts; and (4) a business card holder.  We cannot agree that this evidence is
insufficient to show a valid inventory search as opposed to a search for
evidence.  We conclude that this
testimony is sufficient to show that an inventory search policy existed, that
the policy was followed and the search was a valid inventory search.  The trial court did not err in denying Rios=s motion
to suppress on this basis.

3. 
Search Warrant








Rios finally argues that the warrant and
the items recovered pursuant to the warrant were fruits of an illegal
arrest.  However, we have already held
that Rios was not illegally arrested. 
Rios was arrested after having been witnessed driving a vehicle with an
invalid inspection sticker.  See Tex. Transp. Code Ann. '
548.602(a)(1); Atwater, 532 U.S. 318 at 354.  The warrant and subsequent search were not
fruits of an illegal arrest.  We conclude
this argument has no merit.  Rios=s tenth
issue is overruled.

X.  Ineffectiveness of Counsel

 By
his eleventh issue, Rios contends his trial counsel was ineffective at all
stages of trial, including: (1) jury selection; (2) hearing on motion to
suppress; (3) trial on the merits; and (4) the punishment phase.[6]








The United States Supreme Court and the
Texas Court of Criminal Appeals have promulgated a two-prong test to determine
whether representation was so inadequate that it violated a defendant=s sixth
amendment right to counsel.  See, e.g.,
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State,
726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d
427, 433 (Tex. App.BCorpus Christi 2000, no pet.).  To establish ineffective assistance of
counsel, appellant must show: (1) his attorney=s
representation fell below an objective standard of reasonableness; and (2)
there is a reasonable probability that, but for his attorney=s
errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 687; Stone
v. State, 17 S.W.3d 348, 349-50 (Tex. App.BCorpus
Christi 2000, pet. ref=d). 
Appellant has the burden of proving ineffective assistance of counsel by
a preponderance of the evidence.  See
Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d at 350.  An allegation of ineffective assistance of
counsel will only be sustained if it is firmly founded and the record
affirmatively demonstrates counsel=s alleged ineffectiveness.  Guzman v. State, 923 S.W.2d 792, 797
(Tex. App.BCorpus
Christi 1996, no pet.).  In assessing a
claim of ineffective assistance of counsel, there is a strong presumption that
counsel=s
conduct fell within the wide range of reasonable professional assistance.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).  Also, in the
absence of evidence of counsel=s reasons for the challenged conduct, an
appellate court will assume a strategic motivation and will not conclude that
the conduct was deficient unless the conduct was so outrageous that no
competent attorney would have engaged in it. 
See id.; Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim.
App. 1999).

A. 
Trial on the Merits

Rios argues his trial counsel was
ineffective during the trial on the merits by: (1)  not requesting a suppression instruction; (2)
not requesting an instruction on self-defense; (3) and not objecting to
hearsay.[7]

1. 
Suppression Instruction








Rios contends there was a disputed factual
issue concerning the existence of an Aexpired@
inspection sticker on the vehicle and whether that was the reason the officers
stopped Rios.  He relies on article 38.23
of the code of criminal procedure to support his argument that his trial
counsel was ineffective in failing to request a suppression instruction.  See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2002).  This instruction is needed only if the trial
evidence raised a factual issue concerning whether the evidence was obtained in
violation of the federal or State constitution, or any of its laws.  Bell v. State, 938 S.W.2d 35, 48 (Tex.
Crim. App. 1996).

In this instance, Officer Valdez testified
that he stopped Rios=s vehicle because it had an expired
inspection sticker.  However, during
cross-examination Officer Valdez stated that he decided to stop Rios not
because of the invalid inspection sticker, but 
because the vehicle he was driving matched the description of a suspect
vehicle.  We agree with Rios that this
creates a factual issue, however, we do not agree that a reasonable doubt
instruction is warranted in this instance. 
See id.








Law enforcement officers may stop and
briefly detain persons suspected of criminal activity on less information than
is constitutionally required for probable cause to arrest.  Hadnot v. State, 945 S.W.2d 278, 284
(Tex. App.BBeaumont
1997, no pet.) (citing United States v. Brignoni-Ponce, 422 U.S. 873,
880 (1975); Terry v. Ohio, 392 U.S. 1, 30 (1968)).  The reasonableness of a stop depends on the
totality of the circumstances presented in each case.  Davis v. State, 794 S.W.2d 123, 125
(Tex. App.BAustin
1990, pet. ref=d). 
Officer Valdez testified that he had a description of a suspect vehicle
involved in Sanchez=s murder and a description of a suspect
involved in the shooting.  He further
testified he saw Rios leave Gutierrez=s residence in a vehicle that matched the
suspect vehicle, and that Gutierrez was another suspect involved in Sanchez=s
murder.  Because Rios matched the
description of a suspect, the vehicle matched the description of the suspect
vehicle, and Rios was seen leaving the residence of another suspect thought to
be involved in the shooting, we conclude that, based on the totality of
circumstances, Officer Valdez lawfully stopped Rios.  See Terry, 392 U.S. at 30; Hadnot,
945 S.W.2d at 284; Davis, 794 S.W.2d at 125.  Moreover, if Officer Valdez stopped Rios
solely because Rios was driving a vehicle with an invalid inspection sticker,
the stop would be lawful.  See
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993) (if an
actual violation of law is observed, there is probable cause for traffic stop);
see also Tex. Transp. Code Ann. '
548.602(a)(1).  Because the traffic stop
was lawful under either scenario given by Officer Valdez, there is no fact
issue concerning whether the evidence was obtained in violation of a law or
constitution.  See Bell, 938
S.W.2d at 48.  Thus, Rios=s
counsel was not deficient in failing to request a 38.23 reasonable doubt
instruction as to the reason for the traffic stop.  See Tex.
Code Crim. Proc. Ann. art. 38.23(a).

2. 
Self-Defense Instruction

Rios next argues his trial counsel was
ineffective by failing to request an instruction on self-defense.








A defendant is entitled to an instruction
on self-defense if the issue is raised by the evidence, whether that evidence
is strong or weak, unimpeached or contradicted, and regardless of what the
trial court may think about the credibility of the defense.  Ferrel v. State, 55 S.W.3d 586, 591
(Tex. Crim. App. 2001).  An instruction
on self-defense is required when the evidence shows that the defendant
reasonably believed that deadly force was immediately necessary to protect
himself against deadly force, and if a reasonable person in his situation would
not have retreated.  See Tex. Pen. Code Ann. ' 9.32
(Vernon 1994 & Supp. 2002).  However,
before the accused is entitled to an instruction on a defensive issue such as
self-defense, he must admit to the commission of the offense and present evidence
which would justify or excuse his actions under the applicable defense.  See Sanders v. State, 707 S.W.2d 78,
81 (Tex. Crim. App. 1986).

In this instance, Rios=s
defensive theory throughout the case was that Rios did not participate in the
murder because he was at a bar when the crime occurred.  Thus, 
Rios=s
counsel was not deficient in failing to request a self-defense instruction
because the trial court would properly have denied such an instruction.  See id.  Rios failed to establish ineffective
assistance of counsel during his trial on the merits.  See Strickland, 466 U.S. at
687; Stone, 17 S.W.3d at 349-50.

B. 
Punishment Phase

Rios first argues that his trial counsel
failed to object to the punishment charge on the basis that it instructed the
jury not to consider the effect of Agood conduct@ on
appellant=s
sentence.  As we have already held, the
trial court was statutorily required to read the good conduct time instruction
even though it did not apply to Rios.  See
Tex. Code Crim. Proc. Ann. art.
37.07, '
4(a).  Even had Rios=s
counsel objected to the instruction, the trial court would have properly
overruled the objection.  See Luquis,
72 S.W.3d at 363.  Moreover, the trial
court instructed the jury not to consider how the Agood
conduct@ time
may be applied to Rios.  We must presume
the jury followed that instruction.  Id.
at 366.  Thus, Rios has failed to show
his counsel was ineffective.  See Strickland,
466 U.S. at 687; Stone, 17 S.W.3d at 349-50.








Rios next argues his trial counsel should
have objected: (1) to the introduction of a Apen
packet@ because
it was not properly linked to Rios; and (2) to the introduction of extraneous
offenses by the testimony of a juvenile probation officer.  He also argues his trial counsel was
ineffective by not requesting a reasonable doubt instruction on the extraneous
offenses.  However, in all three
arguments, Rios does not explain how he was harmed.  We conclude Rios has failed to satisfy the
second prong of Strickland; i.e., there is a reasonable
probability that, but for his attorney=s errors, the result of the proceeding
would have been different.  Strickland,
466 U.S. at 687.  Rios=s eleventh
issue is overruled.

XI. 
Hearsay

By his twelfth issue, Rios contends the
trial court erred by admitting documents containing hearsay.  However, in accordance with rule 38.1(h) of the
Texas Rules of Appellate Procedure, we will only consider contentions that are
supported by clear and concise arguments with appropriate citations to
authorities.  Tex. R. App. P. 38.1(h). 
We find this issue to be inadequately briefed.  See Tong v. State, 25 S.W.3d 707, 710
(Tex. Crim. App. 2000).  Rios=s
twelfth issue is overruled.

Accordingly, we affirm the trial court=s
judgment.

 

NELDA V. RODRIGUEZ

Justice

 

Do not
publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this

27th day
of November, 2002.

 











[1]Sanchez
was angry because Gutierrez had stolen cocaine from him that Sanchez intended
to sell.





[2]Gutierrez
remains at-large.





[3]By
issues two and three in a supplemental brief, Rios contends the evidence was
legally and factually insufficient to support his conviction.  However, these contentions were not raised in
his original brief, and were made without obtaining leave of court.  See Rochelle v. State, 791 S.W.2d 121,
124 (Tex. Crim. App. 1990).  Points of
error raised by an appellant in a supplemental brief which were not raised in
the original brief are not properly presented for appellate review. Hagens
v. State, 979 S.W.2d 788, 791 (Tex. App.BHouston
[14th Dist.] 1998, pet. ref=d);
Ontiveros v. State, 890 S.W.2d 919, 931 (Tex. App.BEl
Paso 1994, no pet.); Emerson v. State, 756 S.W.2d 364, 370 (Tex. App.BHouston
[14th Dist.] 1988, pet. ref=d).  Rios=s
second and third supplemental issues are overruled.





[4]We
note that Rios filed a request for a hearing on his amended motion for new
trial wherein he stated that, Aa
hearing is needed to develop the testimony of Irene Palacios, an alibi witness,
who can place [Rios] at a bar during the night in question.@  This statement, however, was not made in an
affidavit and the request was neither sworn to, nor verified.  See Martinez
v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002).  The request also did not have any language
incorporating it into the previously filed amended motion for new trial.  Thus, Rios=s reliance on the request is
without merit.  See id.  





[5]Rios
also complains about a subsequent remark by the State.  However, even though Rios objected to this
remark, he did not request either a limiting instruction or a mistrial.  In order to preserve jury argument error, a
defendant must: (1) make an objection; (2) request an instruction to disregard;
and (3) make a motion for a mistrial.  Cook
v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993).  Because Rios did not obtain an adverse
ruling, he has failed to preserve error as to this complaint.  See id.  





[6]In
accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will
only consider contentions that are supported by clear and concise arguments
with appropriate citations to authorities. 
Tex. R. App. P. 38.1(h).  Thus, we will not address Rios=s
arguments contending his trial counsel was ineffective during jury selection
and the hearing on his motion to suppress because they were not adequately
briefed. 






[7]Because
Rios failed to cite any authority, we will not address Rios=s
arguments contending his trial counsel was ineffective by failing to object to
hearsay.  See
id.