NUMBER 13-02-398-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


RAVETTE GRANT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 217th District Court


of Angelina County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Rodriguez



 Appellant, Ravette Grant, was charged by indictment of the murder of his wife,
Alif Grant. Appellant pled guilty. A jury assessed punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for ninety-nine years
and assessed a fine of $10,000.00. The trial court has certified that this case "is not
a plea-bargain case, and the defendant has the right of appeal." See Tex. R. App. P.
25.2(a)(2). We conclude that the appeal is frivolous and without merit. We affirm.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

II. Anders Brief

 Appellant's court-appointed counsel has filed a brief in which he has concluded
that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). 
Appellant's brief meets the requirements of Anders. Counsel referred this Court to the
only error in the record that might arguably support an appeal. See id. at 744. He
presented a professional evaluation of the record demonstrating why there are no other
arguable grounds of error on appeal. See High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. [Panel Op.] 1978). Counsel informed the Court that he served appellant
with a copy of the brief and advised appellant of his right to examine the record for the
purposes of filing any pro se action he might feel appropriate under the circumstances. 
Appellant requested a copy of the appellate record. On April 29, 2003, after payment
was received, a copy of the record was forwarded from this Court. (1) More than thirty
days have passed, and appellant has not filed any pro se brief. See Anders, 386 U.S.
at 744-45; see also High, 573 S.W.2d at 813.

 In compliance with Anders, counsel advances a sole arguable point; a claim of
ineffective assistance of trial counsel. See Anders, 386 U.S. at 744-45. The United
States Supreme Court and the Texas Court of Criminal Appeals have promulgated a
two-prong test to determine whether representation was so inadequate that it violated
a defendant's sixth amendment right to counsel. See, e.g., Strickland v. Washington,
466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim.
App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.-Corpus Christi 2000,
no pet). To establish ineffective assistance of counsel, appellant must show: (1) his
attorney's representation fell below an objective standard of reasonableness; and (2)
there is a reasonable probability that, but for his attorney's errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 687; Stone v. State,
17 S.W.3d 348, 349-50 (Tex. App.-Corpus Christi 2000, pet. ref'd). 

 Appellant has the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. See Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d at
350. In assessing a claim of ineffective assistance of counsel, there is a strong
presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001). Also, in the absence of evidence of counsel's reasons for the challenged
conduct, an appellate court will assume a strategic motivation and will not conclude 
the conduct was deficient unless the conduct was so outrageous that no competent
attorney would have engaged in it. See id.; Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999). Finally, an appellant's failure to satisfy one prong of the
Strickland test negates a court's need to consider the other prong. Garcia, 57 S.W.3d
at 440.

 Anders counsel sets out that the decision to plead guilty and go to the jury for
punishment was a legitimate trial strategy. Garcia, 57 S.W.3d at 440; Thompson, 9
S.W.3d at 814. Appellant did not have a record and was legally eligible for probation
if given by a jury. Instructions on the availability of probation were included in the
charge, as well as an instruction on sudden passion. The guilty plea clearly was
sufficient to support appellant's conviction. The jury found that the death of the
victim was not the result of sudden passion but, rather, that appellant was guilty of
murder, a first degree felony. The sentence handed down by the jury was within the
range of punishment. Based on counsel's evaluation, he concludes there is no error. 
We agree. 

 Appellant has not shown that there is a reasonable probability, but for his
attorney's errors, if any, that the result of the proceeding would have been different. 
See Strickland, 466 U.S. at 687; Stone, 17 S.W.3d at 349-50. Appellant's failure to
satisfy this second prong of the Strickland test negates any need to consider the other
prong. See Garcia, 57 S.W.3d at 440. Thus, appellant's ineffective assistance of
counsel argument fails.

III. Independent Review of Record

 The Supreme Court advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we independently review the record for error.

 It is undisputed, and the record shows, that appellant had never before been
convicted of a felony. The admissible evidence supports the jury's special issue
finding that they did not "find by a preponderance of the evidence that the defendant
caused the death of Alif Grant under the immediate influence of sudden passion arising
from an adequate cause." (2) Furthermore, any error in the punishment phase must be
preserved by making a timely specific objection at the earliest opportunity and
obtaining an adverse ruling. Tex. R. App. P. 33.1; Wilson v. State, 71 S.W.3d 346,
349 (Tex. Crim. App. 2002). Appellant did not object at sentencing on any basis. 
Thus, any challenge to the sentence imposed by the jury is waived. See Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Finally, the sentence assessed
was within the statutorily permissible range and was based on admissible evidence
introduced during the trial. See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim.
App. 1973). We find no arguable error in the sentencing proceedings. Therefore,
having carefully reviewed the record in this appeal and finding nothing that would
arguably support an appeal, we agree that the appeal is wholly frivolous. See Stafford
v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991).

IV. Conclusion

 We conclude the appeal is without merit. The judgment of the trial court is
affirmed.

 Additionally, we order counsel to notify appellant of the disposition of his appeal
and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 29th day of August, 2003.

 
1. Appellant's sister provided a money order to pay for the copy of the record. A
certified green card in this Court's file shows that the record was received by appellant's
sister on May 2, 2003.
2. Section 19.02(d) of the penal code provides:


 At a punishment stage of the trial, the defendant may raise the issue as to
whether he caused the death under the immediate influence of sudden passion
arising from an adequate cause. If the defendant proves the issue in the
affirmative by a preponderance of the evidence, the offense is a felony of the
second degree.


Tex. Pen. Code Ann. § 19.02(d) (Vernon 2003).