pital, the forfeiture of the bond should not have been made final in view of Code Cr. Proc. 1911, art. 500, subd. 3, providing that the sickness of the principal prevented his appearance at court, will exonerate from liability on bail bond, if such principal appear before final judgment on the recognizance or bail bond to answer the accusation against him, or show sufficient cause for not so appearing.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–362, 365–368.]

Appeal from Comanche County Court; J. H. McMillan, Judge.

V. H. Thodberg and others were charged with unlawfully carrying a pistol, and gave a bail bond. From an order under scire facias proceedings forfeiting such bond, Thodberg appeals. Appeal dismissed. On motion for rehearing, motion granted, judgment reversed, and cause remanded.

Mark Callaway, of Comanche, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This appeal is from a forfeited bail bond under scire facias proceedings. Motion is made by the Assistant Attorney General to dismiss the appeal because brief in the case was not filed in the court below. Under the recent case of Rudy v. State, 191 S. W. 698, and authorities there cited, the motion is well taken. The appeal will be dismissed, and it is accordingly so ordered.

PRENDERGAST, J., absent.

On Motion for Rehearing.

DAVIDSON, P. J. This is an appeal from a scire facias final judgment. On a former day of the term the appeal was dismissed because the brief for appellant was not filed in the trial court. Motion is made to reinstate the case with a showing that the filing of the brief in that court was waived by the attorneys for the state. This is made apparent by the exhibits, affidavits, and agreements as shown on the motion for reinstatement. In view of these matters the appeal will be reinstated and the case disposed of on its merits.

The record shows that appellant had given bond under a charge of unlawfully carrying a pistol. Subsequent to this the case was called, and appellant failing to answer, his appearance bond was forfeited. The forfeiture was taken on October 4, 1915; the judgment nisi was entered. On January 3, 1916, appellant went to trial and was convicted for carrying a pistol. On January 4, 1916, his answer was filed in the scire facias proceeding. On October 2, 1916, the judgment final was entered. His answer sets up several matters, among others, at the time of the forfeiture of the appearance bond he was sick in a hospital in the city of Ft. Worth. About this there was no issue, and may be taken as a conceded fact. On his return to Comanche county he appeared before the court, and his case was tried, and a conviction resulted on the 3d day of January succeeding the forfeiture in October. His answer sets up this sickness and the conviction. Under these circumstances we are of opinion that the forfeiture should not have been made final. This is so provided by statute (article 500, C. C. P., subd. 3), which provides:

"The sickness of the principal, or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, unless such principal appear before final judgment on the recognizance or bail bond to answer the accusation against him, or show sufficient cause for not so appearing."

He did appear and plead, and was convicted on January 3, 1916, and the judgment final was entered in October, 1916, several months after the conviction. This statute has been frequently discussed and decided by the courts, and under such circumstances as are presented it has been held that the forfeiture should not have been made final. For collation of these authorities see Vernon's Annotated Criminal Statutes, at page 266, for quite a number of cases. We deem it unnecessary to insert them in this opinion.

Under those authorities and for the reasons stated, the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

---

JONES v. STATE. (No. 4466.)

(Court of Criminal Appeals of Texas. May. 2, 1917.)

1. WITNESSES &#9758;367(1)—IMPEACHMENT—EVIDENCE—ADMISSIBILITY.

In a prosecution for violation of the local option law, the accused should be permitted to prove a conspiracy between the state's witnesses and officials, and that such witnesses, to escape punishment for crimes for which they were then in jail, fabricated testimony against accused.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1184.]

2. WITNESSES &#9758;404 — IMPEACHMENT — GROUNDS.

If a witness should deny the conspiracy, it would form a subject of impeachment.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1271, 1272.]

3. CRIMINAL LAW &#9758;1118—APPEAL AND ERROR—MOTION FOR CONTINUANCE.

Where a motion for continuance was on the ground of the absence of witnesses by whom a defendant expected to prove an alibi covering the time when it was stated that he had sold the liquor, but neither the application nor the bill shows whether it was the first or second application, the matter is not so presented as to be considered on appeal, although the testimony was material, since, if it was a second application, the statute was not complied with, although it was complied with as an application for a first continuance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2926.]

**4. CRIMINAL LAW ⬤⟿649(2) — APPEAL AND ERROR—POSTPONEMENT.**

Where an application for postponement showed the materiality of the testimony, the presence of witnesses at the beginning of the trial, and their absence without knowledge or consent or connivance of the defendant, and that the postponement would have caused a delay of but an hour or two, with the probability of securing the attendance of the witnesses, the postponement should have been granted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1515.]

**5. CRIMINAL LAW ⬤⟿649(1) — CONFLICT BETWEEN MOTIONS FOR CONTINUANCE.**

Objection because of variance between two applications for continuance *held* too technical, where statements in both might be true.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1512–1514.]

**6. CRIMINAL LAW ⬤⟿649(2) — APPEAL—REVERSIBLE ERROR.**

In a prosecution for violation of the local option law, where the evidence was sharp in its conflict as to whether the defendant had made the sales testified to, denial of a motion for postponement for the purpose of securing the attendance of witnesses by whom defendant expected to prove an alibi covering the time and place of the alleged sales mentioned by the state's witness was reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1515.]

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Jack Jones was convicted of violating the local option law, and he appeals. Reversed and remanded.

Harris & Harris and Arthur A. Seale, all of Nacogdoches, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of violating the local option law; his punishment being fixed at a fine of $25 and 20 days' imprisonment in the county jail.

The state's theory, supported by its evidence, was to the effect that appellant sold whisky to Tom Turner along about noon of the 10th day of December, 1916. The state's evidence also is to the effect that Turner and others gave appellant money, and he went off and got the whisky and brought it to them. Appellant's theory was that he did not, directly or indirectly, either sell or obtain any whisky for Turner, and offered evidence to prove an alibi as to the time of day relied upon by the state. His evidence, such as he had before the jury, was to the effect that he was working for a lumber company that day at the time indicated. Appellant's evidence was contradictory of any sale at the time and place, and a denial that he had any whisky at said time and place. His theory was, further, that Tom Turner and Ike Ayers, being in jail, entered into an agreement with the county attorney that, if he and Ayers would tell where they got the whisky, he would not prosecute them. This eventuated in two charges, one for purchasing for Ayers and the other for Turner.

He was acquitted in the Ayers case, and this trial seems to have immediately followed that trial. His theory further was that these parties entered into a conspiracy, when the offer was made by the county attorney and other officials to exonerate them from punishment if they would inform against those from whom they obtained whisky, and that their testimony was fabricated, and they testified to immune themselves, by charging these transactions on appellant. This is a sufficient statement of the case.

[1, 2] While the bill of exceptions is not clear and full, yet it does state that they expected to prove by Turner this conspiracy to immune themselves from punishment for cases on which they were then in jail. The bill is hardly sufficient, simply alleging he expected to prove these matters as stated. Upon another trial the defendant should be permitted to prove, if he can do so, that such conspiracy was formed between Turner and Ayers for the purpose indicated as original evidence. If Turner should deny it, then it would form the subject of impeachment. As the bill is presented, this matter is thus treated, so that upon another trial, if properly brought before the court, he should have the benefit of this testimony.

[3] Motion for continuance was made for the absence of certain witnesses by whom he expected to prove an alibi covering the time mentioned by Turner. This matter is not so presented technically as to be considered, because the application and the bill both fail to show whether it was the first or second application. The testimony was material; but if, however, it was the second application, the statute was not complied with, though complied with as an application for the first continuance.

[4] Another bill shows appellant was refused a postponement of the trial. It includes the names of those witnesses set out in the application for a continuance in a general way, but specifically a postponement was sought for the absence of Gentry, by whom he expected to prove that he was at the car shed or engine room, working with and for him, at the time indicated by Turner as the hour of the sale of the whisky to Turner. There are two other witnesses named, also, by whom he expected to prove important facts. This postponement should have been granted. The application shows the materiality of the testimony and the presence of these witnesses at the trial on Tuesday evening in accord with the process that had been served upon them. When defendant began offering his testimony Wednesday morning, they had absented themselves. He asked that they be brought in, so he could have the benefit of their testimony. The alleged residence of these witnesses was at the town of Mayotown, a little village 12 miles from Nacogdoches, where all these

matters are said to have occurred. These witnesses were alleged to have been absent without the consent or connivance of the defendant. Where important witnesses absent themselves, without the knowledge or consent or connivance of the defendant, he is entitled to a postponement, and the application shows that the postponement would have caused loss of but a short time, an hour or two, with the probability of securing the attendance of the witnesses.

[5] The state contends in its brief that there is a conflict as to the matter set up in the application for continuance and that for postponement. It does not occur to the writer that this is correct. One of the witnesses mentioned in the continuance was named Crouch, a white man. Appellant, it seems, is a negro. By Crouch, as set out in the application for continuance, it was expected to be shown that appellant was working at the lumber yard or engine room or car shed of the lumber company under his supervision. It was expected to prove by Gentry, in the postponement application, that Gentry had appellant working with him in the engine room or car shed, or was working with him. The difference between these statements is too technical upon which to base a contradiction in the testimony. Both statements could have been true.

[6] We are of opinion that the postponement should have been granted. For this error the judgment is reversed. The evidence was sharp in its conflict as to whether appellant did what Turner stated. Had the absent witnesses mentioned in the application for postponement been present, it might have been the turning point in favor of defendant. Under cases presenting themselves in this attitude, it would be a difficult proposition to surmise as to what effect the absent testimony would have. If appellant was situated as his witnesses indicate, and as those who are absent would show, then he was not guilty, but the jury convicted him.

The judgment is reversed, and the cause remanded.