**Thomas HERNANDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46020.**

Court of Criminal Appeals of Texas.

April 11, 1973.

William Davenport, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., William J. Stroman, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant was convicted on his plea of not guilty in a trial before a jury of murder with malice. Punishment was assessed at ten years.

■ Appellant contends that the verdict of the jury is not supported by the evidence.

The record discloses that appellant and Susie Lopez Arizola, the deceased, had been

living together for about three years. On the night of April 23, 1971, he came to the house somewhere close to midnight and, upon entering the kitchen, called Susie by name. As she turned around, he shot her in the left side of her chest with a .38 pistol. After he shot her, he hit her 15 year old son, Ernest Arizola, an eye witness to the shooting, with the gun and then left the house. The wound was the cause of her death.

Appellant testified, admitting he shot deceased. He said he was drunk when he came home, and she was also drunk. He testified in part as follows:

"Q   Go ahead and tell what happened.

"A   When I was there she arrived, she arrived about 1:00 o'clock and she was drunk. She was mad, and I asked her what she was doing, and she told me she was drinking, that nobody would tell her what to do; and then I was so drunk that I didn't know what I was doing, and then I shot at her but I did not know if I had hit her or not. When the city police arrived, I did not know until the next day what had happened to her."

The evidence amply supports the verdict of the jury.

■ Appellant contends that the court erred in overruling his first motion for continuance. The motion was based on equitable rather than statutory grounds, and the action of the court thereon was within its sound discretion. No abuse of such discretion appears. Ward v. State, Tex.Cr. App., 427 S.W.2d 876; Coleman v. State, Tex.Cr.App., 481 S.W.2d 872.

■ Appellant next contends that "the complete record in this case shows that the jury panel was selected in a manner contrary to law in this, to-wit, although 32 per cent of the qualified voters in Tom Green County are Latin Americans, the members of that race were deliberately left off and discarded from the jury wheel."

Appellant does not discuss this "ground of error" in his brief, makes no additional statement, and cites no authorities. We find no motion to quash the jury panel in the record. Neither do we find anything in the record to support appellant's bare statement in his complaint. Nothing is presented for review.

Judgment affirmed.

Opinion approved by the Court.