**David MUNOZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–284–CR.**

Court of Appeals of Texas, Corpus Christi.

May 25, 2000.

---

4. The State alleged multiple occurrences of several of the violations.

Thomas Greenwell, Corpus Christi, for Appellant.

Adolfo Aguilo, Jr., Asst. Dist. Atty., Carlos Valdez, Dist. Atty., Corpus Christi, for State.

Before Justices HINOJOSA, CHAVEZ and RODRIGUEZ.

## OPINION

MELCHOR CHAVEZ, Justice.

On May 17, 1998 Appellant David Muñoz was arrested in Corpus Christi for possession of cocaine and heroin.[1] On February 2, 1999 the jury found appellant guilty on both counts. Two days later, the judge assessed his punishment at thirty-five years for each offense. Appellant's motion for new trial was overruled by operation of law on April 20, 1999.

In his first two points of error, appellant states that the trial court erred by not granting his oral motions to recess the trial and by refusing to grant a new trial once a witness became available and gave testimony at the motion for new trial hearing. Appellant also argues that the trial court assessed an illegal sentence and that he did not receive effective assistance of counsel. We affirm the trial court's decision, but remand for re-sentencing.

On the day appellant's case was called for trial, a hearing was held on his motion to suppress. Before the hearing started, appellant's trial counsel said that he had been informed by the State that there was another police officer involved in the case whose identity was not known. Officer Curtis Shelton, the arresting officer, testified at the hearing for the State. Officer Shelton had not mentioned any other police officers in his police report. Before he was excused from the witness stand, appellant's trial counsel stated, "And Your Honor, it's kind of an informal discovery request, but I would like the court to maybe direct Officer Shelton to locate this partner. It may be significant, if there's any contradiction in what happened. My client seems to feel it's extremely significant."

Officer Shelton agreed to try to have him at trial. The case proceeded to voir dire and a jury was selected and sworn.

The following morning, appellant's trial counsel was informed that the other officer's name was Daniel Sanchez. Sanchez, however, was to be in New York City for his brother's funeral until the following week. Appellant made an oral motion to recess the trial for one week; the judge denied the motion. The State presented four witnesses: a narcotics evidence technician from the Corpus Christi Police Department, a chemist for the Department of Public Safety, a technician who locked the narcotics in the vault and brought it to court, and the State's primary witness, Officer Shelton, who was its only witness that was at the scene. Only appellant testified for the defense. The testimony of Officer Shelton and appellant was in direct conflict.

## I. Appellant's Motion for a Continuance

■ Appellant's motion to recess the trial until Officer Sanchez arrived was oral and unsworn. The Texas Code of Criminal Procedure permits a continuance only upon a written motion sworn by the State or the defendant. TEX.CODE CRIM. PROC. ANN. arts. 29.03, 29.08 (Vernon 1979). Recently, the court of criminal appeals confirmed a long line of cases stating, "A motion for continuance not in writing and not sworn preserves nothing for review." *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim.App.1999); *see Matamoros v. State*, 901 S.W.2d 470, 478 (Tex.Crim.App.1995); *see also Montoya v. State*, 810 S.W.2d 160, 176 (Tex.Crim.App.1989). Likewise, this Court has not recognized any error preserved for review when a continuance is not in writing and sworn. *Mosley v. State*, 960 S.W.2d 200, 206 (Tex.App.—Corpus Christi 1997, no pet.).

■ Appellant does not claim that his motion was a written motion for a continu-

1. TEX. HEALTH & SAFETY CODE ANN., § 481.115(a)(b)(c) (Vernon 1992).

ance sworn to the court covered under articles 26.03 and 26.08. Instead, he makes an argument in equity that the trial court erroneously denied counsel's oral motions to recess the trial. There is case law that supports this assertion. In 1917, the court of criminal appeals ruled that it was reversible error to deny a continuance for one to two hours upon an oral motion when the missing testimony would be sharply conflicting with the testimony provided. *Jones v. State*, 81 Tex.Crim. 230, 194 S.W. 1109, 1111 (App.1917). The court of criminal appeals has also suggested that a trial court has equitable power to grant an oral motion for a continuance. *Darty v. State*, 149 Tex.Crim. 256, 193 S.W.2d 195, 195 (App.1946). It has now been more clearly stated that "a motion for continuance, based on equitable grounds rather than statutory grounds, is entirely within the sound discretion of the court, and will only call for reversal if it is shown that the court clearly abused its discretion." *Alvarado v. State*, 818 S.W.2d 100, 103 (Tex App.—San Antonio 1991), (*citing Hernandez v. State*, 492 S.W.2d 466, 467 (Tex. Crim.App.1973)). *See also Collection Consultants, Inc. v. State*, 556 S.W.2d 787, 795 (Tex.Crim.App.1977); *Chance v. State*, 528 S.W.2d 605, 607 (Tex.Crim.App.1975); *Coleman v. State*, 481 S.W.2d 872, 873 (Tex.Crim.App.1972); *Ward v. State*, 427 S.W.2d 876, 881 (Tex.Crim.App.1968).

A separate line of cases in the intermediate appellate courts has generally, but not uniformly, recognized counsel's right to make an oral motion for a continuance enforceable by the appellate courts' powers in equity. *White v. State*, 982 S.W.2d 642, 647 (Tex.App.—Texarkana 1998, pet. ref'd); *Deaton v. State*, 948 S.W.2d 371, 374 (Tex.App.—Beaumont 1997, no pet.); *Petrick v. State*, 832 S.W.2d 767, 770–71 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *O'Rarden v. State*, 777 S.W.2d 455, 459 (Tex.App.—Dallas 1989, pet. ref'd). The authority cited in these cases is the 1946 *Darty* case, above. One situation from this line of cases where such a motion was not granted at trial, but then reversed

on appeal, occurred when a witness who was present at trial disappeared briefly just before he was called to testify. *Deaton*, 948 S.W.2d at 377. Another reversal occurred when the State rested earlier on a Friday afternoon then expected, and the defendant's witnesses were not due to arrive from out of town until the following Monday. *Petrick*, 832 S.W.2d at 770–71. Only one case fully rejects counsel's right to make an oral motion for a continuance enforceable by the appellate courts' powers in equity. *Rodriguez v. State*, 903 S.W.2d 405, 411–12 (Tex.App.—Texarkana 1995, pet. ref'd).

The issue in this line of cases is phrased such that if the trial court's decision to not grant the oral unsworn motion amounts to a denial of fundamental principles of due process, the ruling is subject to appellate review. *Petrick*, 832 S.W.2d at 770; *O'Rarden*, 777 S.W.2d at 459. In *O'Rarden*, the prosecution inadvertently failed to disclose favorable evidence until after trial commenced despite defendant's discovery motions that clearly requested it. *O'Rarden* 777 S.W.2d at 456–57. The court determined that this failure to disclose was a violation of due process, and, once the evidence became available at trial, the denial of the oral motion for a continuance prevented a fair trial. *Id.* at 460.

The facts of *O'Rarden* were unusual. At trial, the defense did not receive the file of a social worker who had investigated child abuse allegations against the defendant until the day of trial. *Id.* at 457–58. The file contained a report of a pediatrician expert in child sexual abuse who knew the children she was testifying about for years, and was satisfied that no abuse had occurred. *Id.* Evidence this important warranted a new trial. *Id.* at 460.

■ In the case before the court today, the appellant has conceded that he neither made nor attempted a sworn written motion for a continuance. The unsworn oral motion made by appellant's trial counsel, whether a motion for a continuance, or a

motion for a recess, can only be based on equitable grounds rather than statutory grounds. *Hernandez*, 492 S.W.2d at 467. The trial court's decision will only be overturned if there was a clear abuse of discretion. *Id.*

■ There is no due process claim on which to base any possible *O'Rarden* argument. *See United States v. Bagley*, 473 U.S. 667, 677, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (Undisclosed evidence is material only if it is reasonably probable that the outcome of the trial would have been different had the evidence been disclosed.); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (Prosecutors must disclose material evidence favorable to the accused.); *Ex Parte Adams*, 768 S.W.2d 281, 291 (Tex.Crim.App.1989) (Applies federal standard under *Brady* and *Bagley* to Texas Courts.). Furthermore, appellant's trial attorney made no discovery requests before trial. He easily could have learned from his client that there was more than one police officer at the scene. The testimony that the second officer provided at the hearing for appellant's motion for a new trial varied somewhat from the first officer's testimony, but was not exculpatory in nature, nor was the officer's existence hidden from appellant's trial attorney before trial.

Sanchez provided testimony later, at the hearing on the motion for new trial. In their testimony, both officers agreed as to the time of day, and of the description of the scene of the arrest. Sanchez stated that they had gone to the front door of the house where the incident took place and then a back door. Shelton described the door they approached as the front door to one of several small apartments in the house. They agreed that there was a tattered screen door and an opened, broken wooden door. It is not clear who said what exactly when, but the two officers agreed that Shelton claims to have seen one individual behind the screen door throw down a syringe and the appellant throw a plastic bag containing narcotics.

Officer Shelton made a warrantless arrest of the appellant because this violation of the law was in his plain view. Tex.Code Crim. Proc. art. 14.01 (Vernon 1979). The syringe was empty, and the individual with the syringe and another individual were released at the scene, according to Officer Sanchez. Officer Shelton stated that he released them at the jail. While not entirely consistent, none of the testimony was exculpatory in nature with respect to appellant.

Had the continuance been granted, the wait would not have been as brief as it was in the cases cited by appellant. *See Deaton v. State*, 948 S.W.2d 371, 373 (Tex. App.—Beaumont 1997, no pet.) (delay of less than one hour); *Petrick*, 832 S.W.2d at 771 (delay of no more than two and one half hours). The wait would have been at least a week. In appellant's trial, the continuance sought was for an extended period, and the testimony of the missing witness was not in sharp conflict with the testimony provided. *Cf. Jones v. State*, 81 Tex.Crim. 230, 194 S.W. 1109, 1111 (App. 1917) (Missing witnesses were not present for a shorter period of time, in direct conflict with the witnesses who testified, and believed by the court to be more reliable than the witnesses who testified.). The trial court allowed the Officer Sanchez to testify at a hearing for the appellant's motion for a new trial and determined that the his testimony would not have changed the outcome of the trial. Therefore, we see no abuse of discretion.

Appellant's first point of error is overruled.

## II. Appellant's Motion for a New Trial

Before calling its witness, trial counsel for the appellant again attempted to convince the judge to recess the case until Officer Sanchez would be available to testify. The judge required appellant to wait and file a motion for new trial. Appellant claims that Officer Sanchez, if available at trial, would have provided testimony that would have contradicted Officer Shelton's

testimony to the extent that the jury may have come to a different conclusion.

The appropriate standard of review of the trial court's decision not to grant the new trial is abuse of discretion. *Ex Parte Davis,* 957 S.W.2d 9, 15 (Tex. Crim.App.1997). As explained above, Officer Sanchez's testimony at the motion for new trial was not identical to the testimony of Officer Shelton, but there were no substantial differences. For the same reasons that the trial court did not err in denying the appellant's oral motions to recess the trial, the trial court did not err in its denial of appellant's motion for a new trial.

Appellant's second point of error is overruled.

## III. The Trial Court's Sentencing of the Appellant

Appellant was found guilty of two offenses: possession of cocaine (one to four grams), a third degree felony, and possession of heroin (less than one gram), a state jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a),(c) (Vernon 1992); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a),(b) (Vernon 1992). The normal range of sentencing for each offense was enhanced because the appellant has two previous felony convictions. TEX. PEN. CODE ANN. § 12.42 (Vernon Supp.2000). Upon the trial of a felony, other than a state jail felony, when there is proof that a defendant has previously been convicted of two felony offenses, the range of punishment is enhanced to life in prison or a range between twenty-five and ninety-nine years in prison. TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2000). Upon the trial of a state jail felony, when there is proof that a defendant has previously been convicted of two felony offenses, the range of punishment is enhanced to a range between two and twenty years incarceration. TEX. PEN.CODE ANN. §§ 12.33(a), 12.42(a) (Vernon Supp.2000).

In this case, the appellant was sentenced to thirty-five years in prison for each offense. Since the possession of heroin offense is a state jail felony, it could have only been enhanced to a maximum of twenty years. TEX. PEN.CODE ANN. §§ 12.35(c), 12.42(a) (Vernon Supp.2000). The trial court did not stay within the bounds set by the legislature. We therefore remand the heroin charge for re-sentencing.

## IV. Ineffective Assistance of Counsel

Appellant argues that he did not receive effective assistance of counsel because his trial counsel failed to: adequately investigate and prepare for trial, preserve his rights regarding errors in voir dire by failing to ask for a strike for cause of Venireperson Number Twenty–Two, call two witnesses who were at the scene of the arrest to testify, adequately investigate appellant's complaints regarding his prior convictions, and object to the imposition of a sentence which exceeded the proper range of punishment for the possession of heroin charge against him.

The United States Supreme Court and the Texas Court of Criminal Appeals have promulgated a two-prong procedure to determine whether representation was so inadequate that it violated the defendant's sixth amendment right to counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 54–55 (Tex.Crim.App.1986). First, trial counsel's performance must fall "below an objective standard of reasonableness." *Strickland,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674. This deficiency must be of the extent that counsel failed to function as counsel. *Yates v. State,* 917 S.W.2d 915, 920 (Tex.App.—Corpus Christi 1996, pet. ref'd.). Secondly, the appellant must prove that "the deficient performance prejudiced the defense" by "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 686, 694, 104 S.Ct. 2052. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* at 693, 104 S.Ct. 2052. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700, 104 S.Ct. 2052.

■ The burden of proving ineffective assistance of counsel is on the appellant by a preponderance of the evidence. *Stafford v. State,* 813 S.W.2d 503, 506 (Tex. Crim.App.1991). The defendant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Tijerina v. State,* 921 S.W.2d 287, 289 (Tex.App.—Corpus Christi 1996, no pet.); *see Thompson v. State,* 9 S.W.3d 808, 812–14 (Tex.Crim.App.1999); *see also McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). ("Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.")

■ Appellant claims trial counsel failed to adequately investigate and prepare for trial. Specifically, appellant contends trial counsel did not ensure that Officer Sanchez would testify at trial. As explained above, the testimony Officer Sanchez provided at the hearing on the motion for new trial was not substantially different from the testimony at trial by Officer Shelton. Thus, there is no reasonable probability that the result of the trial would have been different if Sanchez had been available to testify. *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052.

Appellant's second claim of ineffective assistance of counsel protests a failure to preserve error during voir dire. Specifically, appellant contends that his trial counsel failed to ask for a strike for cause of Venireperson Number Twenty–Two. This prospective juror stated that she "possibly" would have bias against someone charged with a drug offense because of three of her own family members' personal

drug problems and the personal catastrophes their drug problems caused.

■ A venireperson is challengeable for cause if he or she cannot impartially judge the credibility of witnesses. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9); *Jones v. State,* 982 S.W.2d 386, 389 (Tex. Crim.App.1998). However, this means only that jurors must be open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness. *Jones,* 982 S.W.2d at 389. Venire members are not challengeable for cause simply because they would give certain classes of witnesses a slight edge in terms of credibility. *Id.* Appellant does not claim that an objectionable venireperson actually sat on the jury. No harm is shown.

■ Appellant also claims trial counsel was ineffective because of his failure to call two witnesses who were at the scene of the arrest to testify for appellant. "A defendant may base an ineffective assistance claim on an attorney's failure to present witnesses only if the defendant can show that the witnesses were available and their testimony would have benefitted the defendant." *Rangel v. State,* 972 S.W.2d 827, 828 (Tex.App.—Corpus Christi 1998, pet. ref'd); *Hunnicutt v. State,* 531 S.W.2d 618, 625 (Tex.Crim.App.1976). Appellant has not presented any information that satisfies either part of this requirement.

■ Appellant's fourth claim of ineffective assistance of counsel protests a failure by trial counsel to adequately investigate appellant's complaints regarding his prior convictions. The reporter's record is not developed to the extent that we can determine what the trial counsel may or may not have done. As an appellate court, we may only consider the record evidence and make reasonable inferences from it. We must indulge the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994).

Appellant's final claim of ineffective assistance of counsel protests trial counsel's failure to object to the imposition of a sentence which exceeded the proper range of punishment for the possession of heroin charge against him. The reporter's record reflects that trial counsel was aware of the punishment range applicable to the heroin offense. Here, the proper remedy for his failure to object to the improper sentence is re-sentencing by the trial court.

Appellant's trial counsel met at least the minimal standards for effective assistance of counsel set forth by the United States Supreme Court and the Texas Court of Criminal Appeals. Appellant's fourth point of error is overruled.

The judgment is affirmed and remanded for re-sentencing.