NUMBER 13-02-637-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

THOMAS COWART,                                                                    Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 278th District Court of Grimes County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
 Appellant was tried before a jury and convicted of aggravated sexual assault of a
child. See Tex. Pen. Code Ann. § 22.021 (Vernon 2004). In a single issue, appellant
argues that his trial counsel was ineffective because he failed to object to inadmissible
hearsay. Because appellant has not shown that counsel’s representation fell below an
objective standard of reasonableness, we affirm the conviction. 
I. Standard of Review
           The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-pronged test to determine whether representation was so inadequate
that it violated a defendant's Sixth Amendment right to counsel. See, e.g., Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex.
Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.—Corpus Christi 2000,
no pet.). To establish ineffective assistance of counsel, appellant must show (1) his
attorney's representation fell below an objective standard of reasonableness and (2) there
is a reasonable probability that, but for his attorney's errors, the result of the proceeding
would have been different. Strickland, 466 U.S. at 687; Stone v. State, 17 S.W.3d 348,
349-50 (Tex. App.—Corpus Christi 2000, pet. ref'd). Appellant has the burden of proving
ineffective assistance of counsel by a preponderance of the evidence. See Munoz, 24
S.W.3d at 434; Stone, 17 S.W.3d at 350. An allegation of ineffective assistance of counsel
will only be sustained if it is firmly founded and the record affirmatively demonstrates
counsel's alleged ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex.
App.—Corpus Christi 1996, no pet.). We must indulge a strong presumption that counsel's
conduct falls within the wide range of reasonable professional assistance. Munoz, 24
S.W.3d at 434 (citing Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999)).
In the absence of evidence of counsel's reasons for the challenged conduct, an appellate
court will assume a strategic motivation and will not conclude that the conduct was
deficient unless the conduct was so outrageous that no competent attorney would have
engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).
II. Analysis
A. Objective Standard of Reasonableness
          Appellant argues that counsel unreasonably failed to object to the admission into
evidence of a videotaped interview of the victim because it contained hearsay testimony. 
Appellant argues that counsel’s failure to object demonstrates his ineffectiveness.
          We disagree. The record shows that counsel sought to use the videotaped
testimony to appellant’s advantage in numerous ways. For instance, counsel called
attention to discrepancies between the victim’s videotaped statement and her testimony
at trial, ostensibly, to impeach her in-court testimony. He also emphasized that the victim’s
demeanor and attitude had changed between her videotaped interview and her in-court
testimony. Counsel argued that because the victim had already implicated appellant during
the videotaped interview, she probably felt obligated to perpetuate her story in court. 
Finally, counsel used the victim’s statement in the videotaped interview (i.e., “he did what
men usually do”) to imply that someone else had abused or previously abused the victim
and that her allegations against appellant were therefore the product of those other
incidents. 
This record shows that counsel used the videotaped interview in an attempt to raise
a reasonable doubt as to appellant’s guilt. Under the applicable standard of review, there
is a heavy presumption that the decision not to object to the videotaped testimony on
hearsay grounds was strategic. See Garcia, 57 S.W.3d at 440. Trial counsel’s extensive
use of the videotaped interview bolsters this presumption. Appellant has failed to establish
that counsel’s representation fell below an objective standard of reasonableness. See
Strictland, 466 U.S. at 687. 
B. Prejudice
          Because appellant has failed to show that counsel’s representation fell below an
objective standard of reasonableness, we have no need to address the second prong of
the Strickland test. Id. 
III. Conclusion
          Accordingly, appellant’s ineffective assistance claim is overruled, and we affirm the
conviction.                                                                   
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Do not Publish.
         Tex.R.App.P. 47.2(b)
         Memorandum Opinion delivered 
         and filed this the 1st day of July, 2004.