NUMBER 13-03-071-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JAMES LEO BOLDEN,                                                               Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 209th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez and Garza
Memorandum Opinion by Justice Garza
 
          Appellant was convicted of aggravated robbery and sentenced to fifty-five years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant claims that he was denied effective assistance of counsel because his attorney
failed to object to the jury charge and misstated the law to the jury. Because appellant has
failed to establish ineffective assistance, we affirm his conviction. 
I. Standard of Review
          We follow a two-pronged procedure to determine whether representation was so
inadequate that it violated the Sixth Amendment right to counsel. Munoz v. State, 24
S.W.3d 427, 433 (Tex. App.—Corpus Christi 2000, no pet.); see also Hernandez v. State,
726 S.W.2d 53, 54–55 (Tex. Crim. App. 1986) (citing Strickland v. Washington, 466 U.S.
668, 687 (1984)). First, trial counsel’s performance must fall below an objective standard
of reasonableness. Hernandez, 726 S.W.2d at 55 (citing Strickland, 466 U.S. at 687–88). 
Second, appellant must prove by a reasonable probability that counsel’s deficient
performance prejudiced the defense—that, but for counsel’s errors, the result of the
proceeding would have been different. See id. (citing Strickland, 466 U.S. at 686, 694). 
A reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. (citing Strickland, 466 U.S. at 693). Appellant must overcome a strong presumption that
counsel’s performance fell within the wide range of reasonable professional assistance. 
Munoz, 24 S.W.3d at 434 (citing Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim.
App. 1999); Tijerina v. State, 921 S.W.2d 287, 289 (Tex. App.–Corpus Christi 1996, no
pet.)). 
II. Analysis
          During the punishment phase of the trial, the jury considered four unadjudicated
extraneous offenses for the purpose of enhancing appellant’s sentence. The charge
ultimately given to the jury, however, did not include reasonable doubt language regarding
these extraneous offenses. Appellant claims that counsel’s performance was ineffective
because she failed to object to the absence of this language from the jury charge. 
Additionally, appellant argues that trial counsel misstated the law to the jury on the
standard of proof applicable to extraneous offenses. 
Failure to make the required showing of either deficient performance or sufficient
prejudice defeats an ineffectiveness claim. Munoz, 24 S.W.3d at 434 (quoting Strickland,
466 U.S. at 700). Having reviewed the record, we conclude that appellant has failed to
meet the second prong of Strickland. Strickland, 466 U.S. at 693. There is no reasonable
probability that appellant’s sentence would have been different but for trial counsel’s
alleged ineffectiveness. Appellant’s videotaped confession as well as the eyewitness
testimony clearly established the extraneous offenses beyond a reasonable doubt. Even
assuming, arguendo, that counsel’s performance fell below an objective standard of
reasonableness, our confidence in the outcome would not be sufficiently undermined to
satisfy the second prong of Strickland. Id. III. Conclusion
          Appellant has failed to establish that counsel’s deficient performance prejudiced his
defense. Accordingly, we overrule his sole issue on appeal and affirm the judgment of the
trial court.  
                                                                            
                                                                           DORI CONTRERAS GARZA,
                                                                           Justice
Do not Publish.
         Tex.R.App.P. 47.2(b)
         Memorandum Opinion delivered 
         and filed this the 8th day of July, 2004.