NUMBER 13-03-164-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

CHRISTOPHER ESTRADA,                                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 105th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
A jury found appellant, Christopher Estrada, guilty of burglary of a habitation with
intent to commit theft and sentenced him to an enhanced sentence of sixty years’
incarceration. Appellant raises two issues: (1) the evidence was legally and factually
insufficient to prove the elements of entry and lack of consent and (2) his trial counsel was
ineffective. Because we conclude that the evidence was legally and factually sufficient to
prove the elements of entry and lack of consent and that appellant has failed to establish
that his trial counsel was ineffective, we affirm the judgment of the trial court.
I. Sufficiency of the Evidence
In his first issue, appellant contends that the evidence was legally and factually
insufficient to establish the essential elements of entry and lack of consent. See Tex. Pen.
Code Ann. § 30.02(a)(1) (Vernon 2003) (burglary of a habitation). Evidentiary sufficiency
is measured against the elements of the offense as defined by the hypothetically correct
jury charge for the case. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see
also Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim. App. 2002). Such a charge would
accurately set out the law, would be authorized by the indictment, and would not
unnecessarily increase the State’s burden of proof. Malik, 953 S.W.2d at 240. 
A. Legal Sufficiency 
The standard for reviewing a legal sufficiency challenge is whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In evaluating a legal
sufficiency challenge, the evidence is examined in the light most favorable to the verdict. 
Id. 
After reviewing the evidence, we conclude that a rational trier of fact could have
found the elements of entry and lack of consent beyond a reasonable doubt. We take
each element in turn. 
Entry was established by the testimony of a concerned neighbor and the officers
who arrested appellant. The concerned neighbor testified that he saw a man exit the
house in question through a window. According to the neighbor, the man was then
arrested by the police. At trial, the arresting officers testified that the man they arrested
was appellant. 
Appellant contends that this evidence was insufficient to prove entry because the
neighbor did not testify to seeing appellant actually enter the house; he only saw appellant
exit the house. This argument is without merit. If appellant exited the house, it stands to
reason that he also entered the house. It is unnecessary that every fact point directly and
independently to the defendant’s guilt; the evidence is sufficient if the combined and
cumulative effect of all the incriminating circumstances points to the defendant’s guilt. 
See Russell v. State, 665 S.W.2d 771, 776 (Tex. Crim. App. 1983). Thus, we conclude
that the evidence is legally sufficient to prove entry.
Lack of consent, the second element challenged by appellant, was established by
the testimony of Rene Krest, who testified that, at the time of the offense, she owned the
house that appellant entered and that she never gave appellant permission to enter the
house. Appellant argues that this evidence is legally insufficient because Rene Krest also
testified that, at the time of the offense, she was renting the house to a family and that she
had “no idea” who the tenants had allowed to enter the house. According to appellant,
lack of consent could have been established only by the testimony of the actual tenants,
who did not testify at trial. 
Appellant’s interpretation of the law is incorrect. According to the penal code, a
person commits the offense of burglary if, “without the effective consent of the owner,” he
enters a habitation with the intent to commit a felony, theft, or assault. Tex. Pen. Code
Ann. § 30.02(a)(1) (Vernon 2003) (emphasis added). “Owner” is defined in the general
definition section of the penal code as a person who “has title to the property, possession
of the property, whether lawful or not, or a greater right to possession of the property than
the actor.” Tex. Pen. Code. Ann. § 1.07(a)(35) (Vernon Supp. 2004). Ownership of a
burglarized premises may therefore be proven in one of three ways: (1) title; (2)
possession; or (3) a greater right to possession than the defendant. Id.; Compton v.
State, 607 S.W.2d 246, 250 (Tex. Crim. App. 1980). This allows the State to prove
ownership without proving actual care, custody, or control of the property. Epps v. State,
24 S.W.3d 872, 876 (Tex. App.—Corpus Christi, pet. ref’d). Consequently, the State can
prove lack of consent by the testimony of either a landlord or a tenant or even a third party
with a greater right to possession than the defendant. Rene Krest’s testimony was
therefore legally sufficient to prove lack of consent.
For these reasons, appellant’s legal sufficiency challenge is overruled. 
B. Factual Sufficiency
In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether “the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury’s
finding “shocks the conscience” or “clearly demonstrates bias.” Santellan v. State, 939
S.W.2d 155, 165 (Tex. Crim. App. 1997). We are authorized to disagree with the fact
finder’s verdict even if probative evidence exists that supports the verdict. Id. at 164; see
also Johnson, 23 S.W.3d at 7. 
Appellant argues that the evidence was factually insufficient to show the element
of entry because the concerned neighbor who testified at trial gave a prior inconsistent
statement to the police. In the prior statement, the neighbor testified that he saw appellant
“coming from the house”—not “coming out of the house,” as he testified at trial. Appellant
also stresses that the window from which the concerned neighbor saw appellant exit the
house was found closed by the police, that appellant had no cuts or blood on his body
from a forced entry, and that none of his fingerprints were found at the crime scene. 
Finally, appellant points to the fact that he lived in the immediate vicinity as an explanation
for his presence at the crime scene.
We address the prior inconsistent statement first. “Coming from the house” is not
necessarily inconsistent with “coming out of the house.” These statements could mean
the same thing, or they could mean slightly different things. To the extent that they are
inconsistent, if at all, we conclude that the inconsistency is not so great as to undermine
confidence in the jury’s determination of appellant’s guilt. 
Similarly, the other factors cited by appellant do not greatly outweigh the proof of
guilt. The proof of guilt in this case is overwhelming: the State’s evidence revealed that
(1) a neighbor heard glass breaking, saw a broken window of the burglarized house,
called the police and saw appellant leave the house through the window; (2) electronic
equipment was on the ground under the window; (3) appellant was the only person at the
scene; and (4) appellant approached the officers and said “Okay, you got me,” then turned
and put his hands behind his back. We cannot conclude that the jury’s verdict shocks the
conscience or clearly demonstrates bias. 
Appellant also claims that the evidence was factually insufficient to prove lack of
consent, but he has failed to make any specific arguments in support of this contention. 
See Tex. R. App. P. 38.1(h). Instead, appellant merely combines his factual sufficiency
point with his legal sufficiency point, which we have already overruled. He has therefore
presented no additional issue for our review.
Appellant’s factual sufficiency issue is overruled.  
II. Ineffectiveness Claim 
 In his second issue, appellant contends that his conviction must be reversed
because he was given ineffective assistance of counsel at trial. We apply a two-pronged
test to determine whether representation was so inadequate that it violated the Sixth
Amendment right to counsel. Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.—Corpus
Christi 2000, no pet.) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984);
Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986)). First, trial counsel’s
performance must fall below an objective standard of reasonableness. Id. (citing
Strickland, 466 U.S. at 687-88). Second, appellant must prove, by a reasonable
probability, that counsel’s deficient performance prejudiced the defense—that, but for
counsel’s errors, the result of the proceeding would have been different. See id. (citing
Strickland, 466 U.S. at 694). A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id. at 433-34 (citing Strickland, 466 U.S. at 693). 
Appellant must overcome a strong presumption that counsel’s performance fell within the
wide range of reasonable professional assistance. Id. at 434 (citing Thompson v. State,
9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999); Tijerina v. State, 921 S.W.2d 287, 289
(Tex. App.—Corpus Christi 1996, no pet.)). 
Appellant contends that his trial counsel provided ineffective assistance by allowing
the unchallenged seating of juror number 21, who, according to appellant, “unequivocally
stated during voir dire that she felt an indictment carried a presumption of guilt.” The
record, however, does not substantiate appellant’s contention. The record shows that
juror 21 was a man, not a woman, and that he never made the statement alleged by
appellant. Although the entire jury panel was asked whether an indictment carries some
presumption of guilt, it is unclear whether juror 21 even raised his hand in response to this
question. 
Even if these allegations were substantiated by the record, appellant has failed to
demonstrate that his counsel’s performance fell below an objective standard of
reasonableness. The Texas Court of Criminal Appeals has held that trial counsel’s failure
to challenge a venire member who has voiced his lack of impartiality does not necessarily
constitute ineffective assistance under Strickland. Delrio v. State, 840 S.W.2d 443, 447
(Tex. Crim. App. 1992) (per curiam). Consequently, in the absence of any evidence that
the alleged statement was actually made and that counsel’s reasons for not challenging
the venire member were objectively unreasonable, appellant’s ineffectiveness claim must
fail. See id. (“counsel is strongly presumed to have rendered adequate assistance and
made all significant decisions in the exercise of reasonable professional judgment”); 
Munoz, 24 S.W.3d at 434 (“‘Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim.’”) (quoting
Strickland, 466 U.S. at 700). We overrule appellant’s second issue.
III. Conclusion
The judgment of the trial court is affirmed.                                                                                                                                                _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 27th day of August, 2004.