COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-487-CR
  
  
CHARLES 
DANDREAUN SEATON                                            APPELLANT
A/K/A 
CHARLES D. SEATON
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant’s 
sole issue on appeal is that the trial court abused its discretion in denying 
his pretrial unsworn oral motion for continuance.  We affirm.
        An 
unsworn oral motion for continuance preserves nothing for review.  Dewberry 
v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000); Ricketts v. State, 89 S.W.3d 312, 317 (Tex. App.—Fort 
Worth 2003, pet. ref’d); Woodall v. State, 77 S.W.3d 388, 401 (Tex. 
App.—Fort Worth 2002, pet. ref’d).  Citing O’Rarden v. State, 
777 S.W.2d 455, 459 (Tex. App.—Dallas 1989, pet. ref’d), appellant argues 
that this rule applies only to statutory motions for continuance[2] and not to motions for continuance based on equitable 
principles.[3]  But this court, relying on Dewberry, 
has already rejected that argument.  See Ricketts, 89 S.W.3d at 317; 
Woodall, 77 S.W.3d at 401.  But see Munoz v. State, 24 S.W.3d 
427, 430-32 (Tex. App.—Corpus Christi 2000, no pet.) (acknowledging general 
rule that oral motion for continuance preserves nothing for review but 
addressing point on equitable grounds).
        Accordingly, 
we overrule appellant’s sole issue and affirm the trial court’s judgment.
    

                                                                  PER 
CURIAM
 
 
PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Code Crim. Proc. Ann. 
arts. 29.03, 29.08 (Vernon 1989).
3.  
Appellant did not state in his motion that it was based on the trial court’s 
equitable powers.