NUMBERS 13-05-239-CR

 
13-05-240-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

RAY VON BURGER, JR.,                                                                Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 232nd District
Court of Harris County, Texas.

 

                                                      
                                                                

MEMORANDUM OPINION 

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                            Memorandum
Opinion by Justice Garza

                                                                                          








Appellant, Ray Von Burger, Jr., was convicted in two
separate causes of aggravated sexual assault of a child under the age of 14 and
was sentenced to life imprisonment for both charges.  See Tex.
Pen. Code Ann. ' 22.021 (Vernon Supp. 2004-05).  In a single issue, appellant argues that his
trial counsel was ineffective because he failed to object to testimony from two
outcry witnesses.  Because appellant has
not shown that counsel's representation fell below an objective standard of
reasonableness, we affirm the conviction.

By his sole issue on appeal, appellant claims that
his trial counsel was ineffective for failing to object to the testimony of the
State=s outcry witnesses because they were not the first
persons the minor victims told about the offense.[1]


This Court uses the two‑pronged Strickland test
to determine whether representation was so inadequate that it violated a
defendant's Sixth Amendment right to counsel. 
See Strickland v. Washington, 466 U.S. 668, 684 (1984)
(recognizing the Sixth Amendment right to counsel); Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Alfano v. State, 780 S.W.2d
494, 495 (Tex. App.BCorpus Christi 1989, no pet.).  To establish ineffective assistance of
counsel, appellant must show (1) his attorney's representation fell below an
objective standard of reasonableness, and (2) there is a reasonable probability
that, but for his attorney's errors, the result of the proceeding would have
been different.  Strickland, 466
U.S. at 687; Hernandez, 726 S.W.2d at 55.  Whether this test has been met is to be
judged on appeal by the totality of the representation, not by isolated acts or
omissions.  Rodriguez v. State,
899 S.W.2d 658, 665 (Tex. Crim. App. 1995). 








The burden is on appellant to prove ineffective
assistance of counsel by a preponderance of the evidence.  Munoz v. State, 24 S.W.3d 427, 434
(Tex. App.BCorpus Christi 2000, no pet.).  Our review of counsel=s representation is highly deferential; appellant
must overcome the strong presumption that counsel's conduct fell within the
wide range of reasonable professional assistance.  See Strickland, 466 U.S. at 689; Munoz,
24 S.W.3d at 434.  Also, the acts
or omissions that form the basis of appellant's claim of ineffective assistance
must be evidenced by the record.  See
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

            As an initial matter, we note that
the failure to object to inadmissible evidence does not necessarily constitute
ineffective assistance of counsel.  See
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992); Castoreno
v. State, 932 S.W.2d 597, 603 (Tex. App.BSan
Antonio 1996, pet. ref'd).  Moreover,
isolated failures to object generally do not constitute error in light of the
sufficiency of the overall representation. 
Johnson v. State, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984). 

Given the standard of review for effectiveness of
counsel, appellant has not met his burden to prove that trial counsel's
representation fell below an objective standard of reasonableness.  Contrary to appellant=s assertion, the record does not address counsel's
rationale regarding the complained‑of actions, nor does it affirmatively
demonstrate the alleged ineffectiveness. 
Thus, the record is insufficient to rebut Strickland 's
presumption that the challenged actions of trial counsel were the result of
"sound trial strategy."  See
Strickland, 466 U.S. at 689. 
Moreover, given the record evidence, which includes direct testimony
from the victims, appellant has failed to show there is a reasonable
probability that but for counsel's allegedly deficient performance, the result
of the proceeding would have been different. 
Id.  Under these facts, we
cannot conclude that trial counsel offered ineffective assistance of
counsel.  Appellant's issue is overruled.








Accordingly, we affirm the judgments of the trial
court.

 

 

DORI CONTRERAS GARZA,

Justice                  

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 9th day of February, 2006.

 

 

 











[1] Appellant's issue is premised on
article 38.072 of the code of criminal procedure, which provides an exception
to the hearsay rule allowing testimony regarding a child abuse victim's initial
outcry statement made to the first person eighteen years of age or older, other
than the defendant, to whom the child made a statement about the offense.  See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005).