NUMBER 13-04-00271-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

RAUL YDROGO, JR.,                                                                       Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 105th District Court of Kleberg County,
Texas.

 

                      MEMORANDUM OPINION[1]

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








Appellant, Raul Ydrogo, Jr., pleaded guilty to the
offense of aggravated assault.  The trial
court deferred the adjudication of guilt and placed appellant on community
supervision for a term of five years.  In
2002, in response to the State=s motion to revoke appellant=s community supervision, the trial court ordered
Ydrogo to attend a Substance Abuse Felony Punishment Facility.  In 2004, the State filed a second motion to
revoke.  After appellant pleaded Atrue@ to the allegations contained in the motion, the
trial court found that appellant had violated the terms of his community
supervision, adjudicated him guilty of the offense of aggravated assault, and
assessed his punishment at twenty years= imprisonment. 
In three issues, appellant contends he received ineffective assistance
of counsel at the hearing on the motion to revoke his community
supervision.  We affirm.

Appellant contends his counsel was
ineffective because (1) he did not present any evidence in defense of
appellant, (2) he advised appellant to plead Atrue@ to the violations in the motion to revoke
community supervision, and (3) he failed to present any evidence at the
punishment phase of the hearing.








We adhere to the United States Supreme Court=s two‑pronged test to determine
whether counsel=s representation was so inadequate that it
violated appellant=s Sixth Amendment right to counsel. Strickland
v. Washington, 466 U.S. 668, 687‑88 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.BCorpus Christi 2000, no pet.).  Allegations of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  First,
the appellant must show that counsel=s performance was deficient; in other words, that
counsel=s assistance fell below an objective standard of
reasonableness.  Hernandez, 726
S.W.2d at 55. The deficiency must be of the extent that counsel failed to
function as counsel.  Yates v. State,
917 S.W.2d 915, 920 (Tex. App.BCorpus Christi 1996, pet. ref=d).  Second,
the appellant must prove that Athe deficient performance prejudiced the defense@ by Aa reasonable probability that, but for counsel=s errors, the result of the proceeding would have
been different.@  Munoz,
24 S.W.3d at 433.  A reasonable
probability is a probability sufficient to undermine confidence in the outcome.
 Strickland, 466 U.S. at 693; Hernandez,
726 S.W.2d at 55.  AFailure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness
claim.@  Strickland, 466 U.S. at 700.

Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.  Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991). In the absence of evidence of counsel=s reasons for the challenged conduct, we will assume
a strategic motivation and will not conclude that the conduct was deficient
unless the conduct was so outrageous that no competent attorney would have
engaged in it.  Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 814; see
Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003) (AAppellate courts can rarely decide the issue of
unreasonable performance because the appellate record rarely speaks to the
strategic reasons that counsel may have considered.@).








There is a rebuttable presumption that counsel is
better positioned than the appellate court to judge the pragmatism of the particular
case and that counsel made all significant decisions in the exercise of
reasonable professional judgment.  Delrio
v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).  The presumption may be rebutted by evidence
of counsel=s reasoning or lack thereof.  See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
The most effective way to demonstrate ineffective assistance of counsel
is by presenting evidence at a hearing on a motion for new trial.  See generally McCain v. State, 995
S.W.2d 229, 245 (Tex. App.BHouston [14th Dist.] 1999, pet. denied). 

            The record reflects that appellant
filed a motion for rehearing of the motion to revoke, but no action was taken
on the motion.  Thus, the record contains
no evidence demonstrating counsel=s reasoning or lack thereof.  Consequently, appellant=s allegations of
ineffectiveness are not firmly founded in the record, and the record does not
affirmatively demonstrate the alleged ineffectiveness.  McFarland, 928 S.W.2d at 500.
Accordingly, we hold that appellant has not sustained his burden of proving his
ineffective assistance claims by a preponderance of the evidence.[2]  Appellant=s first, second, and third issues are
overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
the 8th day of June, 2006.











[1]
Because the issues of law
presented by this case are well settled and the parties are familiar with the
facts, we will not recite the law and facts in this opinion except as necessary
to advise the parties of our decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

 





[2]
This holding does not prevent
appellant from raising this claim by an application for post-conviction writ of
habeas corpus.  Ex parte Nailor,
149 S.W.3d 125, 130-31 (Tex. Crim. App. 2004); Ex parte Varelas, 45
S.W.3d 627, 629 (Tex. Crim. App. 2001).