NUMBER 13-03-444-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

BENITO ESQUIVEL,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Benito Esquivel, was tried before a jury and convicted of aggravated
robbery. See TEX. PEN. CODE ANN. § 29.03(a)(1) (Vernon 2003). The trial court
assessed a sentence of twenty years imprisonment in the Institutional Division of the
Texas Department of Criminal Justice. The trial court has certified that this case “is
not a plea-bargain case, and the defendant has the right of appeal.” See TEX. R. APP.
P. 25.2(a)(2). By three points of error, appellant contends: (1) he was denied
effective assistance of counsel; and (2) the evidence was legally and factually
insufficient to support the conviction for aggravated robbery. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See TEX. R. APP. P. 47.4. 
II. INEFFECTIVE ASSISTANCE OF COUNSEL
         In his first point of error, appellant contends he was denied effective assistance
of counsel. Specifically, appellant argues that trial counsel was ineffective because
he failed to object to extraneous offense evidence offered by the State. 
A. Standard of Review
         The United States Supreme Court and the Texas Court of Criminal Appeals
have promulgated a two-prong test to determine whether representation was so
inadequate that it violated a defendant’s sixth amendment right to counsel. See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726
S.W.2d 53, 54-55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433
(Tex. App.–Corpus Christi 2000, no pet.). To establish ineffective assistance of
counsel, appellant must show: (1) his attorney’s representation fell below an
objective standard of reasonableness; and (2) there is a reasonable probability that,
but for his attorney’s errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex.
App.–Corpus Christi 2000, pet. ref’d).
         Appellant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. See Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d
at 350. An allegation of ineffective assistance of counsel will only be sustained if it
is firmly founded, and the record affirmatively demonstrates counsel’s alleged
ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi
1996, no pet.). The defendant’s burden is even more difficult when he fails to file
a motion for a new trial asserting ineffective assistance of counsel. See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Gibbs v. State, 7 S.W.3d 175,
179 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d). 
         There is a strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). Trial counsel should ordinarily be afforded an opportunity
to explain his actions before being denounced as ineffective, and an appellate court
will not find ineffectiveness based on speculation. Bone v. State, 77 S.W.3d 828,
835, 836 (Tex. Crim. App. 2002); Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.–Houston [1st Dist.] 2000, pet. ref’d). In the absence of evidence of counsel’s
reasons for the challenged conduct, an appellate court will assume a strategic
motivation and will not conclude that the conduct was deficient unless the conduct
was so outrageous that no competent attorney would have engaged in it. Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999). 
B. Analysis
         Appellant contends his trial counsel was ineffective because he failed to object
to extraneous offense evidence presented during the guilt/innocence phase of trial. 
However, the record before us is silent as to why appellant’s trial counsel allegedly
failed to act or to perform in the manner urged by appellant. Accordingly, appellant
has not rebutted the presumption he was adequately represented, and that these
actions were part of his trial counsel’s sound trial strategy. See Garcia, 57 S.W.3d
at 440; Jackson, 877 S.W.2d at 771. Only on further inquiry can an adequate
determination be made as to whether counsel provided appellant with effective
assistance. Our review of the record indicates this is not one of those rare cases in
which we can assess counsel’s performance on a silent record. See Robinson v.
State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). 
         Furthermore, even assuming that trial counsel’s representation fell below an
objective standard of reasonableness, appellant has failed to meet the second prong
of the Strickland standard. If the extraneous offense evidence were excluded, the
great weight of the evidence nevertheless supports appellant’s conviction for
aggravated robbery. Therefore, we conclude, from a review of trial counsel’s
disputed actions, appellant has not shown how his attorney’s representation fell
below an objective standard of reasonableness, or that there is a reasonable
probability that, but for his attorney’s errors, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 867. Accordingly, we overrule
appellant’s first point of error.
         We note that although appellant’s attempt at a direct appeal has been
unsuccessful, he is not without a potential remedy. Challenges requiring development
of a record to substantiate a claim, such as ineffective assistance of counsel, may be
raised in an application for writ of habeas corpus. See TEX. CODE CRIM. PROC. ANN.
art. 11.07 (Vernon Supp. 2004); Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim.
App. 2001); Ex parte Torres, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). 
III. SUFFICIENCY OF EVIDENCE
         By his second and third points of error, appellant contends the evidence is
legally and factually insufficient to sustain a conviction for aggravated robbery. 
A. Standard of Review
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient
when conflicting evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996). The reviewing court must assume that the fact finder
resolved conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution. Id. 
         On appeal, we measure the legal sufficiency of the evidence by the elements
of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge accurately sets out the
law, is authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability, and
adequately describes the particular offense for which the defendant is being tried. Id. 
         We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d). In
evaluating the factual sufficiency of the evidence, this Court must complete a neutral
review of all the evidence. Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App.
2002); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We must then
determine whether the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination or whether the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. King, 29 S.W.3d at 563; Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We are also required to accord due
deference to the fact-finder’s determinations on the weight and credibility of the
evidence and may not merely substitute our own judgment. Swearingen v. State,
101 S.W.3d 89, 97 (Tex. Crim. App. 2003). 
B. Analysis
         Appellant generally contends the evidence is legally and factually insufficient
to support his conviction for aggravated robbery. To prove aggravated robbery under
the theory alleged in the indictment, the State was required to show (1) on or about
August 24, 2002, (2) Benito Esquivel acting alone or together with his co-defendant,
(3) during the course of a theft, (4) and with the intent to maintain control of the
property, (4) intentionally, knowingly, or recklessly caused serious bodily harm to
Taoufik Ali by shooting him with a hand gun. See TEX. PEN. CODE ANN. §§
29.02(a)(1), 29.03(a)(1) (Vernon 2003).
         Ali testified appellant approached him, demanded his money, hit him in the
chest with a hand gun, took $40 and his Visa card, and shot him twice. Daniel
Groves testified he witnessed these acts and also identified appellant as the
perpetrator. Lisa Ortiz testified that within hours of the shooting, she noticed
appellant carrying a brown-handled gun at a nearby club. Ortiz’s description of the
gun appellant was carrying matched Grove’s description of the hand gun appellant
used during the crime. Furthermore, on the day after the robbery, appellant told
Ortiz’s husband he had shot somebody and that the person he shot was probably
dead. Dr. Brian Rich, the emergency room physician who treated Ali, testified that
the gunshot wound to Ali’s back caused a substantial risk of death. Dr. Rich also
testified Ali became paralyzed below the waist because of the gunshot wound. 
         Reviewing this evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that any rational trier of fact could have found the
essential elements of aggravated robbery beyond a reasonable doubt. The evidence,
therefore, is legally sufficient to sustain the conviction of aggravated robbery. 
Moreover, we cannot conclude that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination or that the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. See King, 29
S.W.3d at 563. Therefore, the evidence is factually sufficient to support appellant’s
conviction. Appellant’s second and third points of error are overruled.           
 
III. CONCLUSION
 
         Accordingly, the judgment of the trial court is affirmed.
                                                                                                                                                
                                                                                                            NELDA V. RODRIGUEZ                                                                        Justice
 
Do not publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and 
filed this 29th day of July, 2004.