NUMBER 13-05-00362-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


RODOLFO PERALES, A/K/A RUDY PERALES,

A/K/A RODOLFO RODRIGUEZ PERALES,                                     Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                 
                                                                                                      

   On appeal from the 103rd District Court of Cameron County,
Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Rodolfo Perales, a/k/a Rudy
Perales, a/k/a Rodolfo Rodriguez Perales, guilty of two counts of the offense
of aggravated sexual assault of a child, and the trial court assessed his
punishment at fifty years= imprisonment for each count, to be served
concurrently.  In three issues, appellant
contends (1) the trial court erred in designating the outcry witness, and thus
admitted hearsay, (2) the trial court erred in allowing the State to produce
evidence that appellant failed to make a statement to the police after his
arrest, and (3) trial counsel was ineffective. 
We affirm.

                                                       A.  Witness
Testimony

                                                          1.  Standard of Review

We review a trial court=s decision to admit evidence under an abuse of
discretion standard.  See, e.g., Montgomery
v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  A trial court abuses its discretion when it
acts Awithout reference to any guiding rules and principles.@  Id.
at 380 (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985)).  In other words, the
court abuses its discretion when it acts arbitrarily or unreasonably.  Id. 
Moreover, the fact that a trial court may decide a matter within its
discretionary authority in a different manner than an appellate court does not
mean there is an abuse of discretion.  Id.
at 241-42.  Finally, if the trial court=s ruling on the admission of evidence can be correct
under any theory of law, then the decision cannot be overruled, even if the
trial court gave an erroneous reason for its ruling.  Tex.
R. App. P. 44.2(a); see Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).

                                          2.  Testimony Regarding Outcry Witness

In his first issue, appellant contends the trial
court erred in allowing the hearsay testimony of Harlingen Police Officer
Miryam Anderson.  Specifically, appellant
complains of the following testimony: 

Prosecutor:                What was the purpose of
interviewing the aunt?

 

Anderson:                  He had made an outcry to the
aunt about his sexual abuse.  He had told
her what Perales had done to him.

 








It is a well-settled principle that to preserve
error for review on appeal, a defendant must object timely, specifically, and
receive an adverse ruling at trial.  Tex. R. App. P. 33.1(a); Turner  v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991).  The objecting party must
continue to object each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App. 1999).  In the absence
of any objection and a ruling on the objection, error is not preserved.  See Tex.
R. App. P. 33.1(a).  In this case,
trial counsel did not object to the prosecutor=s
question or Anderson=s answer. 
Thus, error is not preserved for our review.

Also in his first issue, appellant contends the
trial court erred in allowing the victim=s aunt to testify as the outcry witness because the
victim first mentioned the abuse to his mother.

An outcry statement is Amade to the first person, 18 years of age or older,
other than the defendant, to whom the child made a statement about the offense.@  Tex. Code 
Crim. Proc. Ann. art. 38.072 '  2(a)(2) (Vernon Supp. 2005).  An Aoutcry@ statement is an exception to the hearsay rule.  Id. '
2(b).  The outcry witness is the person
to whom the child first makes a statement that in some discernible manner
describes the alleged offense.   Garcia v. State, 792 S.W.2d 88, 91 (Tex.
Crim. App. 1990).  The outcry statement
must be more than words which give a general allusion that something in the
area of child abuse was going on.  Id.


The victim=s mother testified that she questioned the victim
after she became concerned about his age-inappropriate behavior.  Although she testified that the victim told
her what had happened, the record does not disclose what he actually said.  The victim=s
mother also testified that soon after her son began to describe the events, she
became overwhelmed, stopped the conversation, and took him to her sister=s house.








            In order to be designated as the
outcry witness, it must be clearly shown by the evidence that the victim
described the offense to that witness.  Garcia,
792 S.W.2d at 91.  The victim=s aunt testified that the victim described to her in
detail how appellant had abused him and pointed to the specific body part where
appellant had abused him.  It was within
the discretion of the trial court to have found that the victim=s statements to his mother amounted to a general
allusion of the incident because the victim did not describe the abuse in
detail to her.  It was further within the
discretion of the trial court to have determined that the victim=s statements to his aunt were so detailed as to
amount to more than a general allusion. 
Accordingly, we conclude the trial court did not abuse its discretion in
allowing the victim=s aunt to testify as the outcry witness.

            Appellant=s first issue is overruled.  

                             2.  Testimony on Appellant=s Decision to Remain Silent

In his second issue, appellant contends the trial
court erred (1) in allowing testimony to be presented that may have amounted to
a comment on his right to remain silent, and (2) in refusing to grant a mistrial.  








Constitutional guarantees may be forfeited by the
failure to raise a timely, specific objection. See Saldano v. State, 70
S.W.3d 873, 887 (Tex. Crim. App. 2002) (finding waiver of Fourteenth Amendment
right).  Nonetheless, in a criminal case,
Texas Rule of Evidence 103(d) authorizes us to take notice of fundamental
errors affecting substantial rights although they were not brought to the
attention of the court.  Tex. R. Evid. 103(d).  ASome rights are widely considered so fundamental to
the proper functioning of our adjudicatory process as to enjoy special
protection in the system.@  Blue,
41 S.W.3d at 131.  A principal
characteristic of these rights is that they cannot be forfeited or extinguished
by inaction alone.  Id.  Instead, an accused must expressly relinquish
a fundamental right. Id.  However,
the right to remain silent is not so fundamental as to require the special
protection of relieving the appellant of the necessity of an objection.  Wheatfall v. State, 882 S.W.2d 829, 836
(Tex. Crim. App. 1994); Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim.
App. 1986).  Objection is required to
preserve the issue.  Wheatfall,
882 S.W.2d at 836.

 Appellant
contends the trial court erred in allowing Officer Horacio Ramirez to testify
that after appellant was arrested, Officer Ramirez asked appellant if he wished
to give a statement and appellant declined. 
The record shows that appellant=s counsel did not object to this testimony.  Therefore, error is not preserved for our
review.  See Tex. R. App. P. 33.1.

Appellant=s second issue is overruled.

                                    B.  Ineffective
Assistance of Counsel

In his third issue appellant asserts he received
ineffective assistance of counsel because his trial counsel failed to object to
(1) Officer Anderson=s hearsay statement, (2) Anderson=s testimony regarding the outcry witness because it
violates the confrontation clause, and (3) the testimony of Officer Ramirez.








We adhere to the United States Supreme Court=s two‑pronged test to determine whether
counsel=s representation was so inadequate that it violated
appellant=s Sixth Amendment right to counsel. Strickland v.
Washington, 466 U.S. 668, 687‑88 (1984); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427,
433 (Tex. App.BCorpus Christi 2000, no pet.).  Allegations of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).  First, the appellant must show that counsel=s performance was deficient; in other words, that
counsel=s assistance fell below an objective standard of
reasonableness.  Hernandez, 726
S.W.2d at 55. The deficiency must be of the extent that counsel failed to
function as counsel.  Yates v. State,
917 S.W.2d 915, 920 (Tex. App.BCorpus Christi 1996, pet. ref=d).  Second,
the appellant must prove that Athe deficient performance prejudiced the defense@ by Aa reasonable probability that, but for counsel=s errors, the result of the proceeding would have
been different.@  Munoz,
24 S.W.3d at 433.  A reasonable
probability is a probability sufficient to undermine confidence in the outcome.
 Strickland, 466 U.S. at 693; Hernandez,
726 S.W.2d at 55.  AFailure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness
claim.@  Strickland, 466 U.S. at 700.

Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.  Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991). In the absence of evidence of counsel=s reasons for the challenged conduct, we will assume
a strategic motivation and will not conclude that the conduct was deficient
unless the conduct was so outrageous that no competent attorney would have
engaged in it.  Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 814; see
Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003) (AAppellate courts can rarely decide the issue of
unreasonable performance because the appellate record rarely speaks to the
strategic reasons that counsel may have considered.@).








There is a rebuttable presumption that counsel is
better positioned than the appellate court to judge the pragmatism of the
particular case and that counsel made all significant decisions in the exercise
of reasonable professional judgment.  Delrio
v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).  The presumption may be rebutted by evidence
of counsel=s reasoning or lack thereof.  See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
The most effective way to demonstrate ineffective assistance of counsel
is by presenting evidence at a hearing on a motion for new trial.  See generally McCain v. State, 995
S.W.2d 229, 245 (Tex. App.BHouston [14th Dist.] 1999, pet. denied). 

The record reflects that appellant did not file a
motion for new trial.  Thus, the record
contains no evidence demonstrating counsel=s reasoning or lack thereof.  Consequently, appellant=s allegations of ineffectiveness are not firmly
founded in the record, and the record does not affirmatively demonstrate the
alleged ineffectiveness.  McFarland,
928 S.W.2d at 500.  Accordingly, we hold
that appellant has not sustained his burden of proving his ineffective
assistance claims by a preponderance of the evidence.[1]  

Appellant=s third issue is overruled.

The judgment of the trial court is affirmed.                         

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
6th day of July, 2006.

 

 

 











[1]
This holding does not
prevent appellant from raising this claim by an application for post‑conviction
writ of habeas corpus.  Ex parte
Nailor, 149 S.W.3d 125, 130‑31 (Tex. Crim. App. 2004); Ex parte
Varelas, 45 S.W.3d 627, 629 (Tex. Crim. App. 2001).