NUMBER 13-06-501-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ROBERT S. SALINAS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 28th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides


 Appellant Robert Salinas claims that he received ineffective assistance from his trial
counsel when counsel failed to (1) present and obtain rulings from the trial court on filed
motions and (2) secure a witness through subpoena. We disagree and affirm the judgment
of the trial court.

I. Factual Background


 On February 2, 2006, Robert Salinas was indicted for aggravated sexual assault of
a child, a first degree felony, and indecency with a child by touching, a second degree
felony. Tex. Penal Code Ann. § 22.021(a) (Vernon 2007); Tex. Penal Code Ann. § 21.11
(Vernon 2007).

 Salinas's counsel, during the course of trial preparation, filed the following motions:
(1) a Motion for Discovery and Inspection of Evidence, (2) a Motion for Discovery of
Punishment Evidence, (3) a Motion for Production of Favorable Evidence, and (4) a Motion
for Production of Witness Statements after Direct Examination. Although trial counsel filed
these motions, he did not present any of the motions to the trial court or obtain rulings on
them. During the trial, no dispute arose over any discovery matters which would have
related back to the pretrial motions filed.

 At trial, Salinas sought to have a witness testify on his behalf who did not appear. 
Salinas's trial counsel did not secure the witness through subpoena. Trial counsel stated
that the witness's testimony would only last five to ten minutes, but did not otherwise
expound upon the substance of the testimony. Trial counsel then requested, and was
granted, an extra ten minutes to wait for the witness to appear, but she never did. After
the recess, the defense rested. Salinas's counsel did not make a record of what the
witness would have said or why her testimony would have changed the outcome of the
trial.

 Salinas was convicted on both counts on August 8, 2006. He received sentences
of fifty years and twenty years, respectively, in the Texas Department of Criminal Justice
Institutional Division. The district court ordered the sentences to run concurrently. Salinas
now appeals his conviction, arguing that his trial counsel was ineffective.

II. Standard of Review


 When evaluating claims of ineffective assistance of counsel, there is a strong
presumption that counsel rendered adequate assistance and made all significant decisions
in the exercise of reasonable professional judgment. Hernandez v. State, 726 S.W.2d 53,
55 (Tex. Crim App. 1986) (citing Strickland v. Washington, 466 U.S. 668, 690 (1984)). In
order to overcome this presumption, an appellant must demonstrate by a preponderance
of the evidence that (1) counsel's performance was so deficient as to fall below an
objective standard of reasonableness, and (2) there is a reasonable probability that but for
counsel's professional errors the trial result would have been different. Strickland, 466
U.S. at 688. A "reasonable probability" means a probability sufficient to undermine
confidence in the outcome. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998). Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). The defendant bears the burden of
proving both elements of an ineffective assistance of counsel by a preponderance of the
evidence. Munoz v. State, 24 S.W.3d 427, 434 (Tex. App.-Corpus Christi 2000, no pet.).

III. Analysis

 The acts or omissions complained of in an ineffective assistance of counsel appeal
must appear on the record, and a silent record providing no explanation for counsel's
conduct is insufficient to overcome the presumption of reasonableness. Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). It is "critical that the defendant obtain
the necessary record in the trial court to rebut the Strickland presumption that counsel's
conduct was strategic." Batiste v. State, 217 S.W.3d 74, 83 (Tex. App.-Houston [1st Dist.]
2006, no pet.).

 An appropriate record, including counsel's reasons for his actions, is generally
prepared at a hearing on a motion for new trial or developed by a writ of habeas corpus. 
Batiste, 2006 Tex. App. LEXIS 8822, at *19-20. "'[T]rial counsel should ordinarily be
afforded an opportunity to explain his actions before being denounced as ineffective.'" 
Goodspeed, 187 S.W.3d at 392 (quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex.
Crim. App. 2003)). Absent an opportunity for the attorney to explain his actions, an
appellate court should not "find deficient performance unless the challenged conduct was
'so outrageous that no competent attorney would have engaged in it.'" Goodspeed, 187
S.W.3d at 392 (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

 This presumption of reasonable professional judgment which we extend to trial
counsel means that we may not speculate about the reasons that trial counsel did not file
a particular motion. Robinson v. State, 22 S.W.3d 631, 636 (Tex. App.-Waco 2000, pet.
ref'd). It is possible, for instance, that trial counsel may simply have decided that the
presentation of a particular motion would have been frivolous. Id. If there is no
explanation for trial counsel's actions in the record, then we must presume that counsel
was better positioned than the appellate court to judge the pragmatism of the decision. Ex
parte Okere, 56 S.W.3d 846, 856 (Tex. App.-Dallas 2001, no pet.).

 Similarly, an appellate court is also barred from revisiting trial counsel's failure to
subpoena a witness unless there is an explanation in the record as to what the testimony
of the witness would have established. Id. Lacking an offer of proof or any other evidence
that would provide such an explanation, a court has no basis for evaluating whether there
was a reasonable probability that the outcome of the trial would have been different had
the witness been subpoenaed and testified. See Reese v. State, 905 S.W.2d 631, 635-36,
638 (Tex. App.-Texarkana 1995, pet. ref'd). To do so would be mere speculation on our
part.

 Salinas argues that his counsel's failure to present four motions and subpoena a
specific witness constituted ineffective assistance of counsel. The record is silent,
however, as to any explanation for counsel's actions in either situation. With no
explanation of the motivation behind counsel's decisions, we find that Salinas has failed
to overcome the strong presumption of reasonable assistance extended to trial counsel. 
Salinas has not shown that his counsel's actions fell below an objective standard of
reasonableness or that but for these actions the outcome of his trial would have been
different. Strickland, 466 U.S. at 687.

IV. Conclusion


 The judgment of the district court is AFFIRMED.


 

 _________________________

 GINA M. BENAVIDES,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 23rd day of August, 2007.